[Cite as *State v.Olverson*, 2017-Ohio-9188.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170018 |
| | | C-170019 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1402117 |
| | | B-1402485 |
| vs. | : | |
| | | *O P I N I O N.* |
| DANTE OLVERSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Sentences Vacated, and
　　　　　　　　　　　　　Causes Remanded for Resentencing

Date of Judgment Entry on Appeal: December 22, 2017

*Joseph T. Deters*, Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy McKenna*, for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1} Defendant-appellant Dante Olverson appeals from the trial court's judgments imposing consecutive prison terms after terminating the community control initially imposed as a sanction for two offenses and continued after a violation of conditions of that sanction. Olverson challenges his sentences in three assignments of error, arguing that the trial court erred by imposing prison terms and ordering consecutive sentences.

{¶2} We hold the trial court erred by imposing prison terms for the community-control violation because the trial court did not notify Olverson of the specific prison term it would impose as to each offense for a subsequent violation. We vacate Olverson's sentences on this basis and remand the cases for resentencing with incarceration not an option.

## I. Background Facts and Procedure

{¶3} On October 28, 2014, at a hearing involving the cases numbered B-1402117 and B-1402485, Olverson pled guilty to a felony of the fifth degree and a felony of the third degree. In accordance with the plea agreements, Olverson was subjected to a prison sentence of six to 12 months for the fifth-degree felony and nine to 36 months for the third-degree felony. In both cases, the trial court sentenced Olverson to a single term of nine months of community control with conditions. The sentencing entries included language indicating Olverson was notified at the hearing that he would be sentenced to 46 months of incarceration for a violation of a condition.

{¶4} On March 2, 2016, again at a hearing involving both cases, Olverson pled guilty to community-control violations. The trial court imposed a single term of six months of community control for the violations, and told Olverson that "[i]f you

2

violate these terms and conditions, * * * I will give you 24 months in the Department of Corrections." Both sentencing entries reflect, however, that the trial court told Olverson it would "impose a prison sentence of 46 months" for a subsequent violation. These entries were journalized on March 22, 2016.

{¶5} On January 10, 2017, at a hearing involving both cases in front of a different judge, Olverson pled guilty to community-control violations and the trial court terminated the community control. When determining what sentence it could impose in each case for the violation, the trial court looked to the notification provided to Olverson at the previous sentencing hearing as reflected in the March 22, 2016 entries. Recognizing that a 46-month-prison term was outside of the range of the prison terms available for either of Olverson's offenses, the trial court imposed a 36-month term for the third-degree felony and a ten-month term for the fifth-degree felony, to be served consecutively, for an aggregate term of 46 months. Olverson now appeals, challenging only his sentences.

## II. Analysis

{¶6} In his first and second assignments of error, Olverson contends that the trial court erred by sentencing him to prison for violating a condition of his community control. He claims the trial court's warning at the March 2, 2016 hearing that it would impose a lump sum term of imprisonment—whether it was 46 or 24 months—did not comply with the relevant statutes and decisional law because the court failed to notify him of the specific prison term it would impose with respect to each offense for another violation. The state takes the position that Olverson was orally notified that he would be sentenced to prison for 24 months, that the trial court erred by imposing an aggregate prison term of 46 months, and that Olverson's sentences must be vacated as a result. But the state argues that the trial court on

remand should be permitted to impose an incarceration sanction for both or either offense, as long as the prison term for all the offenses does not exceed 24 months.

{¶7}    To address these issues, we review Ohio's law on felony sentencing, including the definition of "sentence" and "sanction," and the specific provisions governing the imposition and termination of community-control sanctions. "Sentence" is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an *offense.*" (Emphasis added.) R.C. 2929.01(EE).  "Sanction" is defined as "any penalty imposed upon an offender who is convicted of or pleads guilty to an *offense*, as punishment for the *offense.*" (Emphasis added.) R.C. 2929.01(DD).  Such penalties include incarceration and community-control sanctions.  *See id.*

{¶8}    The referenced statutory language demonstrates, consistent with Ohio decisional law, that Ohio has rejected the sentencing-package doctrine.  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 10.    Instead, the sentencing judge must "assign a particular sentence" to each offense, "separately." *Id.* at ¶ 8; *see State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6.  ("[U]nder both the Revised Code and [the Ohio Supreme Court's] decisions, a conviction is composed of a finding of guilt and a sentence, a sentence is a sanction or combination of sanctions imposed for an individual offense.").

{¶9}    The sentencing judge's obligation to consider each offense individually and impose a separate sentence for each offense is expressed in the provisions involving the imposition of community control as a sanction.  R.C. 2929.19(B)(4), formerly R.C. 2929.19(B)(5), details procedures for a trial court to follow at the initial sentencing hearing if the court determines that a community-control sanction can and should be imposed.

{¶10}   Under these circumstances, the court

[S]hall impose a community control sanction * * * [and] shall notify
the offender that, if the conditions of the sanction are violated, if the
offender commits a violation of any law, or if the offender leaves this
state without the permission of the court or the offender's probation
officer, the court may impose a longer time under the same sanction,
may impose a more restrictive sanction, or may impose a prison term
on the offender and shall indicate the specific prison term that may be
imposed as a sanction for the violation, as selected by the court from
the range of prison terms for the *offense* pursuant to section 2929.14 of
the Revised Code.

(Emphasis added.) R.C. 2929.19(B)(4).

{¶11}   R.C. 2929.15(B) sets forth the procedures the trial court is to follow
when an offender has violated the conditions of community control.  Namely, the
trial court may select from the options noted in R.C. 2929.19(B)(4), including
imposing a prison term.  R.C. 2929.15(B)(1).  If the court chooses to impose a prison
term, the prison term "shall be within the range of prison terms available for the
*offense* for which the sanction that was violated was imposed."  (Emphasis added.)
R.C. 2929.15(B)(3), formerly R.C. 2929.15(B)(2).  And the prison term "shall not
exceed the prison term specified in the notice provided to the offender at the hearing
pursuant to division (B)(2) [sic (B)(4)] of section 2929.19 of the Revised Code."  *Id.*

{¶12}   Reading together R.C. 2929.01(EE), R.C. 2929.01(DD), R.C.
2929.19(B)(4) and R.C. 2929.15(B), it is clear that the trial court must separately
sentence on each offense even when the court determines that a community-control
sanction is appropriate for all offenses.  *See State v. Powell*, 4th Dist. Athens Nos.

14CA31 and 14CA45, 2017-Ohio-1068, ¶ 18, citing *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995; *State v. Cox*, 3d Dist. Auglaize Nos. 2-09-31 and 2-09-32, 2010-Ohio-3799, ¶ 20. This requirement also applies when the court allows the offender to remain on community control for all offenses after a violation of a condition, because the trial court must select a prison term from the allowable range of prison terms for each offense when providing the notification required by R.C. 2929.19(B)(4).

{¶13} Here, the trial court told Olverson at the March 2, 2016 hearing that he would be sentenced to prison for another violation of a condition of his community control. It is not clear from this record whether Olverson was told the prison term would be 46 months, as indicated by the sentencing entry, or 24 months, as indicated by the transcript from the hearing. But it is clear from this record that the trial court sentenced Olverson as a package and did not indicate the "specific" prison term it would impose as to each offense.

{¶14} The state asks this court to overlook this defect, accept a lump sum prison term applying to all offenses as sufficient notification under the statute, and allow a prison term as an option at resentencing. But the Ohio Supreme Court has held that the language of R.C. 2929.19(B)(4), formerly R.C. 2929.19(B)(5), allows nothing less than strict compliance with respect to the specificity of the notification. *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 19 (holding that "specific" means "specific" and requiring strict compliance with the "literal terms" of this part of R.C. 2929.19(B)(5), now R.C. 2929.19(B)(4)). Thus, we cannot accept the state's position that the trial court's notification of a lump sum prison term satisfied the statute's requirement of specificity.

{¶15} And the Supreme Court has further held that "notify[ing] the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction" is a "prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, syllabus. Thus, we conclude that the judge at resentencing may not select a prison term as a sanction for Olverson's violation of the conditions of his community control.

{¶16} Consistent with the relevant statutes and the decisional law, we hold that Olverson's sentences are contrary to law because he was not notified of the specific prison term that would be imposed as to each offense for an additional violation of a condition of his community control. Additionally, we vacate the sentences in both cases and remand for resentencing on the community-control violations, during which the trial court may not impose a prison term, although other options under R.C. 2929.15(B) could be imposed for each offense. Accordingly, we sustain the first and second assignments of error.

{¶17} Our resolution of Olverson's first and second assignments of error renders moot Olverson's third assignment of error that challenges the trial court's imposition of consecutive prison terms. Accordingly, we decline to address the third assignment of error. *See* App.R. 12(A)(1)(c).

### III. Conclusion

{¶18} Because Olverson's sentences are contrary to law, we vacate his sentences and remand the cases for resentencing in accordance with the law and this opinion. We affirm the judgments in all other respects.

Judgment accordingly.

**ZAYAS** and **DETERS**, **JJ**., concur.

7

Please note:

The court has recorded its own entry this date.