[Cite as *State v. Ward*, 2021-Ohio-1320.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190656 |
| | | TRIAL NO. B-1803096-B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| STEVEN JAMES WARD, | : | |
| Defendant-Appellant. | : | |

Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated, and Cause Remanded for Resentencing

Date of Judgment Entry on Appeal:  April 16, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}    Defendant-appellant Steven James Ward appeals from the trial court's judgment revoking his community control and imposing consecutive 18-month prison terms.    In his sole assignment of error, Ward challenges only his sentences, not the finding of the community-control violations.  He argues the trial court erred by imposing the prison terms without earlier complying with the notification provisions found in R.C. 2929.19(B)(4).  The state concedes the error.

{¶2}    Under Ohio law, a court may not impose a prison term for a community-control violation in a felony case unless the court has "strict[ly] compli[ed]" with certain statutory-notification requirements.   *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 19, 24 and 29, interpreting R.C. 2929.19(B)(5), now R.C. 2929.19(B)(4), and R.C. 2929.15(B);  *State v. Olverson*, 1st Dist. Hamilton Nos. C-170018 and C-170019, 2017-Ohio-9188, ¶ 11 and 14.

{¶3}    Generally, to comply under the statutory scheme, the prison term imposed cannot exceed the specific prison term the court notified the defendant at the time of sentencing that it would impose for a violation or a subsequent violation of community-control conditions.  And that prison term must be selected from the range of prison terms available for the offense for which the community-control sanction was imposed.  *See* R.C. 2929.15(B)(3) ("The prison term, if any, imposed upon a violator * * * shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) [sic (B)(4)] of section 2929.19 of the Revised Code.)"; *Brooks* at paragraph two of the syllabus; *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, syllabus.

{¶4}    Importantly, the sentencing court must provide this specific notification with respect to each offense for which the community-control sanction is

2

imposed, meaning each count upon which the defendant is sentenced. *See Olverson* at ¶ 7-12.

{¶5} In this case, Ward was convicted of two counts of aggravated trafficking in drugs, both fourth-degree felonies with an authorized sentencing range of six to 18 months in prison. *See* R.C. 2929.14(A)(4). When the trial court in 2018 sentenced Ward to a community-control sanction for those offenses, the court did not notify Ward of a specific prison term within the authorized six to 18 months that it would impose for each offense. Instead, the court notified Ward that it would sentence him to a prison term of "up to three years." Later, upon finding Ward guilty of violating the terms of his community control, the trial court revoked that community control and sentenced Ward to consecutive 18-month prison terms.

{¶6} This record demonstrates that the sentences imposed for Ward's community-control violations were not authorized under R.C. 2929.15(B)(3), because the trial court failed to comply with the notification requirement of R.C. 2929.19(B)(4) at the 2018 sentencing hearing or at any time before imposing the 18-month prison terms for the community-control violations.

{¶7} Consequently, we conclude that Ward's sentences are clearly and convincingly contrary to law. *See* R.C. 2953.08(G)(2). Accordingly, we sustain the assignment of error, affirm the finding of the community-control violations, vacate Ward's sentences, and remand the case for resentencing with incarceration not an option.

Judgment accordingly.

MYERS, P.J., and CROUSE, J., concur.

3

Please note:

The court has recorded its own entry this date.