[Cite as *State v. Stewart*, 2023-Ohio-542.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220300<br>TRIAL NO. B-2104965 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| ADAM STEWART, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 24, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} After he pleaded guilty to six counts of pandering sexually-oriented matter involving a minor or impaired person, the trial court placed defendant-appellant Adam Stewart on community control. Later, having found that Mr. Stewart violated the terms of his community control, the trial court imposed an aggregate prison sentence of 18 months. Mr. Stewart raises two assignments of error challenging the trial court's revocation of community control and imposition of a prison sentence. However, based on the record before us, we find no error in the trial court's decision and we accordingly affirm its judgment.

I.

{¶2} Mr. Stewart was indicted for 15 counts of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), each a felony of the fourth degree. In April 2022, Mr. Stewart entered guilty pleas to six of the counts in exchange for dismissal of the remaining nine, and the trial court placed him on community control. At that time, the trial court advised Mr. Stewart that, if he violated the terms of his community control, he would be sentenced to 18 months in prison. As part of his community control, Mr. Stewart was not permitted to "own, possess, or access any sexual oriented erotica of any kind."

{¶3} About two months later, the probation department filed a complaint alleging that Mr. Stewart had violated the rules of community control by possessing prohibited pornographic and/or nudity-oriented material. Specifically, the probation department alleged to have found over 3,000 images of female children under the age of 12, partly clothed or in sexual poses, in Mr. Stewart's possession. In response to that charge, the trial court convened a hearing at which Mr. Stewart entered a no

contest plea to the violation. The trial court found him guilty of the alleged violation and imposed an 18-month aggregate prison term. Mr. Stewart now appeals.

II.

**{¶4}** In his first assignment of error, Mr. Stewart alleges that the trial court erred by accepting his plea of no contest, claiming that he did not knowingly, voluntarily, and intelligently enter into the plea. According to Mr. Stewart, his mental health problems created confusion about the nature of the allegations and his culpability in possessing the prohibited material.

**{¶5}** "A sentencing court has discretion in deciding whether to revoke community control once a community-control violation has occurred." *State v. Rudin*, 1st Dist. Hamilton No. C-110747, 2012-Ohio-2643, ¶ 8, quoting R.C. 2929.15(B)(1). And we review these decisions for an abuse of discretion. *Rudin* at ¶ 8, citing *State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, ¶ 13 (1st Dist.). We will thus not reverse the trial court's judgment unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error. *See Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

**{¶6}** Mr. Stewart posits that the state of the record before the trial court casts serious doubt on whether his no contest plea was entered knowingly, voluntarily, and intelligently. Therefore, according to Mr. Stewart, an evidentiary hearing should have been held to satisfy due process requirements. In support of this claim, Mr. Stewart points to his mental health issues (including anxiety, depression, a learning disability, post-traumatic stress disorder, agoraphobia, and having been involved in a car accident that worsened his mental health), and also the fact that he appeared a bit

confused by some of the questions posed to him by the court during his hearing and denied some of the allegations made against him.

{¶7} Mr. Stewart is correct that minimum requirements of due process apply to community control revocation hearings. *State v. King*, 1st Dist. Hamilton No. C-010330, 2002-Ohio-373, ¶ 8. However, due process does not require a Crim.R. 11 colloquy for no contest pleas to violations of community control. *State v. Alexander*, 1st Dist. Hamilton No. C-070021, 2007-Ohio-5457, ¶ 7. Rather, Crim.R. 32.3(A) governs revocation hearings, and requires only that the court "hold a hearing at which the defendant is present and apprised of the grounds for the violation." *Id.* at ¶ 8. The revocation hearing is an informal proceeding " 'structured to assure that the finding of a * * * violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [defendant's] behavior.' " *Id.* at ¶ 7, quoting *Morrissey v. Brewer*, 408 U.S. 471, 484, 92 S.Ct. 2593, 33 L.E.2d 484 (1972).

{¶8} Here, we find no abuse of discretion in the trial court's acceptance of Mr. Stewart's no contest plea. The trial court conducted a full hearing on the violation, at which Mr. Stewart was present and informed of the grounds for his violation. Mr. Stewart signed the community control rules that unambiguously indicated that he was not to "own, possess, or access any sexual oriented erotica of any kind." And at the revocation hearing, Mr. Stewart acknowledged that he understood that he was not to possess pornographic material of any kind.

{¶9} Moreover, at the hearing, it was not disputed that Mr. Stewart's tablet contained more than 3,000 images of young girls and women, which were downloaded throughout the month of May 2022. Although not all of the images found on the tablet violated the terms of his community control, it was undisputed that at the very least

4

three of those images—identified by defense counsel at the hearing—involved nudity. Therefore, at least some of the images contained on Mr. Stewart's tablet violated the terms of his community control.

{¶10} And while Mr. Stewart attempts to minimize his conduct at the hearing by suggesting that he was unaware that some of the pictures portrayed girls under the age of 18 and that he did not know how some of the images ended up on his tablet, his rationalizations did not constitute a denial of the core allegation that he possessed material that his community control obligations proscribed. These attempts at explaining his conduct do not undermine the voluntariness of his plea. At his hearing, the trial court questioned Mr. Stewart at length to ensure that he acknowledged the wrongfulness of his conduct and that he was entering into the plea knowingly and voluntarily, and the trial court was informed of his cognitive state.

{¶11} In light of the foregoing, we cannot say that the trial court abused its discretion in deciding to accept Mr. Stewart's no contest plea and revoke community control after he violated the terms of his community control. Nor do we find any denial of Mr. Stewart's due process rights. Accordingly, we overrule Mr. Stewart's first assignment of error.

### III.

{¶12} In his second assignment of error, Mr. Stewart disputes the sufficiency of the basis for finding him guilty of violating the terms of his community control. At his community control revocation hearing, despite his no contest plea, Mr. Stewart contested the nature of the images and asserted that many of the photos were of adults, clothed children, or were not of a sexual nature. He also denied before the trial court that he knowingly downloaded some of the images.

5

**{¶13}** However, " '[a] community-control-revocation hearing is not a criminal trial, and the state is not required to establish a violation of the terms of community control beyond a reasonable doubt.' " *State v. Day*, 1st Dist. Hamilton No. C-210503, 2022-Ohio-1954, ¶ 10, quoting *State v. Richardson*, 1st Dist. Hamilton Nos. C-200288 and C-200289, 2021-Ohio-3362, ¶ 22. The state need only present "substantial" evidence to establish a violation. *Id.* And again, we will not disturb a trial court's decision revoking community control absent an abuse of discretion. *Rudin*, 1st Dist. Hamilton No. C-110747, 2012-Ohio-2643, at ¶ 8, citing *Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, at ¶ 13.

**{¶14}** Here, Mr. Stewart pleaded no contest to a violation report alleging that he was in possession of thousands of pornographic and/or nudity-oriented images, in patent violation of the terms of his community control. His tablet also contained searches for pornographic images and images of children, and showed that he subscribed to a membership platform that provided images of minors in sexually suggestive poses. On the record at hand, substantial evidence existed to establish that Mr. Stewart was guilty of violating the terms of his community control.

**{¶15}** Therefore, Mr. Stewart has failed to demonstrate that the trial court abused its discretion when it determined that he violated the terms of his community control, and we overrule his second assignment of error.

\*       \*       \*

**{¶16}** In light of the foregoing analysis, we overrule both of Mr. Stewart's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

      The court has recorded its entry on the date of the release of this opinion.