[Cite as *State v. Thompson*, 2023-Ohio-3722.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-220374 |
| | | C-220375 |
| Plaintiff-Appellee, | : | C-220376 |
| | | TRIAL NOS. B-1905277 |
| vs. | : | B-1905790 |
| | | B-2000470 |
| CHRISTOPHER THOMPSON, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:    Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 13, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Christopher Thompson appeals the imposition of a 48-month term of incarceration following his second set of violations of the terms of his community control. Because the trial court did not adequately notify Thompson of the range of punishments he could receive if he violated his probation, and because the law prohibits prison time for community control violations in the absence of the required notification, we reluctantly reverse Thompson's sentence. For the reasons explained in this opinion, we remand the matter to the trial court to resentence Thompson for his community control violations, and prison is unfortunately no longer an option.

*Factual and Procedural Background*

{¶2} Thompson was charged with a number of felonies in three separate cases: B-1905227, B-1905790, and B-2000470. He entered into a plea agreement to resolve all three cases and was sentenced to three years of community control, which is the legal term for probation. At the initial sentencing hearing, the trial court "reserved" prison terms to impose upon Thompson if he violated the terms of his community control, but did not otherwise explain the ways in which Thompson could violate probation or what would happen if he did.

{¶3} Thompson subsequently violated the conditions of his probation by failing to submit a urine screen, moving out of Hamilton County without notifying his probation officer, failing to report to his probation officer, and failing to make monthly restitution payments. Thompson pleaded guilty to this initial community control violation. Willing to give him another chance, the trial court sentenced Thompson to an extended term of five years of community control.

{¶4} Thompson again violated the conditions of his community control by not reporting to his probation officer and cutting off his electronic monitoring bracelet. Thompson once again pleaded guilty to a community control violation.

{¶5} After his second violation, Thompson had used up his good will with the trial court. For this second violation, the trial court imposed an aggregate 48 months of incarceration, which represented the "reserved" prison terms the trial court referenced at the initial sentencing hearing.

{¶6} Thompson now appeals, raising three assignments of error. First, Thompson argues that the trial court failed to provide the statutorily-required notifications regarding the range of punishments the trial court may impose in the event of a community control violation. *See* R.C. 2929.19(B)(4). Second, Thompson contends that the violations raised in the second complaint were technical in nature and that, as a result, he could only be sentenced to a maximum prison term of 180 days. *See* R.C. 2929.15(B)(1)(c)(ii). Third, Thompson contends that the trial court violated his double jeopardy rights by imposing a prison sentence for a community control violation on two counts for which his underlying sentences had already been served. We consider these issues in turn.

### *R.C. 2929.19(B)(4) Notifications*

{¶7} "Under Ohio law, a court may not impose a prison term for a community control violation in a felony case unless the court has strictly complied with certain statutory-notification requirements." (Internal quotation marks omitted.) *State v. Ward*, 1st Dist. Hamilton No. C-190656, 2021-Ohio-1320, ¶ 2. "If the court chooses to impose a prison term, the prison term shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed."

(Internal quotation marks omitted.) *State v. Olverson*, 1st Dist. Hamilton Nos. C-170018 and C-170019, 2017-Ohio-9188, ¶ 11. Further, "the prison term shall not exceed the prison term specified in the notice provided to the offender" at the sentencing hearing. (Internal quotation marks omitted.) *Id.* The trial court also "must provide this specific notification with respect to each offense for which the community-control sanction is imposed, meaning each count upon which the defendant is sentenced." *Ward* at ¶ 4.

{¶8} R.C. 2929.19(B)(4) provides specific guidance as to the notice required when a defendant is sentenced to community control. The notice contains two essential components. First, the notice must explain the actions of the defendant that trigger a consequence. These include violating the conditions of community control, committing a violation of any law, or leaving the state without the permission of the court or a probation officer. *See* R.C. 2929.19(B)(4). Second, the notice must inform the defendant of the potential consequences for these acts. These include a longer term of community control, a more restrictive form of community control, or imprisonment. *Id.* The court must explain to the offender that a term of imprisonment will be imposed from the range of prison terms available for the underlying offense and must identify the specific applicable range. *Id.*; *see Ward* at ¶ 3.

{¶9} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 15, the Ohio Supreme Court held that "a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing." Further, the court provided guidance as to the language a trial court should utilize in providing an offender with notice:

4

[T]he judge shall, in *straightforward and affirmative* language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as 'twelve months' incarceration, if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive 'the maximum,' or a range, such as 'six to twelve months,' or some other indefinite term, such as 'up to 12 months.' The judge is required to notify the offender of the 'specific' term the offender faces for violating community control.

(Emphasis added.) *Id*. at ¶ 19.

{**¶10**}   Where courts fail to provide the notice required by R.C. 2929.14(B)(4), courts may not later impose a prison term as a consequence for a community control violation.  *Ward*, 1st Dist. Hamilton No. C-190656, 2021-Ohio-1320, at ¶ 7; *Olverson*, 1st Dist. Hamilton Nos. C-170018 and C-170019, 2017-Ohio-9188, at ¶ 15.

{**¶11**}   Here, the trial court timely notified Thompson at his initial sentencing hearing that he was being placed on community control, but the trial court's language was insufficient to provide the notice required by R.C. 2929.19(B)(4). As the court held in *Brooks*, the trial court should have used "straightforward and affirmative language" in notifying Thompson of both the actions that would trigger a consequence and the nature of the possible consequences. Instead, the trial court only informed Thompson that it had "reserved" definite prison terms as to certain counts without explaining that the prison term would be imposed as a potential punishment for violating the

conditions of community control and without identifying the range of prison terms available for the underlying offense for each count.

{¶12} Such language—merely identifying a period of time as "reserved"—is not clear enough to explain to lay persons that they could face a defined term of incarceration if they violate community control. Nor does this perfunctory phrase, standing alone as it did here, fulfill the statutory mandate to fully inform a defendant, in a straightforward, affirmative, and detailed way, of the potential consequences of his actions.

{¶13} The purpose of R.C. 2929.19(B)(4) is to notify the defendant of the prison term that may be imposed for violating community control. Thompson did not receive the notifications that the statute requires. We accordingly sustain Thompson's first assignment of error, reverse Thompson's sentence for violating his community control, and remand the matter to the trial court for resentencing. Pursuant to *Ward* and *Olverson*, the trial court may not impose a prison term on remand, an outcome we regrettably reach based upon the precedent those cases establish.

{¶14} Our resolution of the first assignment of error renders Thompson's second and third assignments of error moot, and we do not consider them.

Judgments reversed and cause remanded.

**WINKLER, P.J.,** and **BOCK, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.