**[Cite as *State v. Harris*, 2024-Ohio-1865.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230463 |
| | | TRIAL NO. B-2105597 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MARQUEZ HARRIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: May 15, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Marquez Harris pled guilty to burglary and was sentenced to two years of community control. After his second community-control violation, the court required Harris to complete programming at the River City Correctional Center ("RCCC") as part of his continued community-control sanction.

**{¶2}** While at RCCC, Harris was taken to the hospital after he suffered a seizure. Following his visit to the hospital, Harris was discharged unsuccessfully from RCCC and charged with a third community-control violation. Following a no-contest plea, Harris's community control was revoked, and he was sentenced to three years in prison. Harris now appeals the trial court's guilty finding on his community-control violation and the subsequent sentence. For the following reasons, we affirm the trial court's guilty finding, but we reverse the court's sentence of incarceration.

### I. Factual and Procedural History

**{¶3}** Harris pled guilty to burglary as a third-degree felony in December 2021. He was sentenced to two years of community control. Harris pled guilty to a community-control violation in August 2022, and his community control was continued. Harris pled guilty to a second community-control violation in March 2023, and he was reinstated to community control with the added condition that he complete the residential program at RCCC.

**{¶4}** In August 2023, Harris was sent to the hospital after he suffered a seizure at RCCC. In advance of his hospital discharge, Harris contacted RCCC staff to arrange for pickup. Harris was informed that upon return to RCCC, he would be placed in the "honor dorm" so that medical staff could monitor his health. Harris stated during the phone call that he would not comply. After Harris's irate behavior escalated,

Harris indicated his intent to sign out of the program upon his return to RCCC. Following his request, Harris was discharged from the RCCC program unsuccessfully.

{¶5} As a result of his discharge from RCCC, Harris was charged with a third community-control violation. Harris pled no contest, and the trial court found him guilty of the community-control violation. Harris's community control was terminated, and he was sentenced to three years in the Department of Rehabilitation and Correction. This appeal timely followed.

## II. Analysis

{¶6} In his first assignment of error, Harris argues that the trial court erred in finding him guilty of the community-control violation because the act constituting the violation—his discharge from RCCC—was involuntary because it was the result of his medical condition.

{¶7} A sentencing court is empowered with the discretion to revoke an offender's community control after a community-control violation has occurred. *State v. Stewart*, 1st Dist. Hamilton No. C-220300, 2023-Ohio-542, ¶ 5. We review the court's decision to revoke community control for an abuse of discretion. *Id.* Accordingly, we will not reverse the trial court's decision "unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error." *Id.*

{¶8} Harris pled no-contest to the community-control violation. The court stated that it had reviewed the probation report, and then concluded that Harris was guilty of the community-control violation. The probation report clearly reflects that Harris was discharged from the RCCC program based on his irate behavior and stated request to leave the program, rather than for medical reasons or because of his hospital

3

visit. As a result, the court's finding of guilt was not unwarranted or unreasonable. We therefore overrule Harris's first assignment of error.

**{¶9}** In his second assignment of error, Harris argues that the trial court erred in imposing a prison term for his community-control violation because the trial court did not strictly comply with the statutory notification requirements under R.C. 2929.19(B)(4).

**{¶10}** R.C. 2929.19(B)(4) provides, in relevant part, that:

If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation * * *.

**{¶11}** At Harris's initial sentencing, the court advised him:

If you violate this community control sanction or violate the law or leave the state without permission of this Court or your probation officer, I may impose a longer term under the same sanction, or, in fact, you've got a potential prison sentence of three years over your head here so you don't want to go to prison for three years.

**{¶12}** After Harris's first community-control violation, the court again advised Harris:

4

I am gonna warn you now, if you violate this you've got three years in prison sitting out there, and you don't want to go to prison for this.

**{¶13}** At the hearing on Harris's second community-control violation, the court once again advised:

Mr. Harris, the fact that you're on parole is concerning to the Court. You understand you've got a potential three-year prison sentence out there? I'm going to give you one chance at River City. I'm going to continue you on probation. I'm going to order you attend and complete the River City program.

**{¶14}** Harris argues that the trial court's warnings following each of the community-control violations were defective because the court did not provide the warnings required by R.C. 2929.19(B)(4).

**{¶15}** At a community-control-violation hearing, "the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. When sentencing an offender to community control, the court is required to inform the offender in " 'straightforward and affirmative language' * * * of both the actions that would trigger a consequence and the nature of the possible consequences." *State v. Thompson*, 1st Dist. Hamilton Nos. C-220374, C-220375, and C-220376, 2023-Ohio-3722, ¶ 11, quoting *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 19. The warning must "explain the actions of the defendant that trigger a consequence. These include violating the conditions of community control, committing a violation of any law, or leaving the state without the permission of the court or a probation officer." *Id.* at ¶ 8. The court must also warn the offender as to the range of potential

sentences that it may impose following a violation. *State v. Grimm*, 7th Dist. Belmont No. 23 BE 0005, 2023-Ohio-4458, ¶ 17. "Where courts fail to provide the notice required by R.C. 2929.14(B)(4), courts may not later impose a prison term as a consequence for a community control violation." *Thompson* at ¶ 10, citing *State v. Ward*, 1st Dist. Hamilton No. C-190656, 2021-Ohio-1320, ¶ 7; *State v. Olverson*, 1st Dist. Hamilton Nos. C-170018 and C-170019, 2017-Ohio-9188, ¶ 15.

{¶16} The trial court properly warned Harris of what would constitute a community-control violation and the potential sanctions at his initial sentencing. However, following each violation, the court sentenced Harris "anew." *See Fraley* at ¶ 17. Although the trial court explained at each hearing that Harris faced a potential three-year sentence for violation of his community control, the court did not explain at each hearing in "straightforward and affirmative language" what actions would "trigger a consequence." *See Thompson* at ¶ 11. As a result, the trial court failed to comply strictly with the requirements of R.C. 2929.19(B)(4). We therefore sustain Harris's second assignment of error.

### III. Conclusion

{¶17} We affirm the trial court's judgment finding Harris guilty of the community-control violation. However, we reverse the trial court's judgment sentencing Harris to incarceration. We remand the cause to the trial court to resentence Harris for the August 2023 community-control violation. Pursuant to our holdings in *Ward* and *Olverson*, the trial court may not impose a prison sentence on remand.

Judgment accordingly.

**BERGERON, P.J.**, and **KINSLEY, J.**, concur.

Please note:

       The court has recorded its entry on the date of the release of this opinion.