[Cite as *State v. Farrell*, 2025-Ohio-642.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                                      :

ANTHONY FARRELL,                   :

    Defendant-Appellant.        :

No. 113826

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650748-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Grace Tokmenko, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant.*

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Anthony Farrell ("Farrell"), appeals from the trial court's judgment terminating his community-control sanctions and imposing a

prison term.  For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2}   On February 23, 2021, Farrell was indicted on two counts:  felonious assault in violation of R.C. 2903.11(A)(2), a felony in the second degree, and aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree.  Farrell pleaded not guilty to the charges on March 22, 2021.

{¶ 3}   The trial court conducted a change-of-plea hearing on August 17, 2021.  Farrell retracted his former pleas of not guilty and pleaded guilty to an amended Count 1, attempted felonious assault in violation of R.C. 2923.02/2903.11(A)(2), a felony of the third degree, and Count 2, aggravated menacing.

{¶ 4}   On September 14, 2021, the trial court sentenced Farrell to one and one-half years of community-control sanctions on each count, under the supervision of the adult probation department and subject to a number of conditions.  During the sentencing hearing, the trial court stated:

> If you fail to comply with these orders of probation, you're looking at 36 months in prison on the F3 and six months in the county jail, which I'll impose 180 days on Count two, suspend that time for now.
>
> You'll start with your 60 days on community control sanctions in the county jail.  Prior to your release, you must report to the probation department immediately.

Aug. 17, 2021 sentencing hearing, tr. 27.

{¶ 5}   The accompanying sentencing journal entry stated, in pertinent part:

On a former day of court the defendant pleaded guilty to attempted, felonious assault 2923.02/2903.11 A(2) F3 as amended in [C]ount(s) 1 of the indictment. On a former day of court the defendant pleaded guilty to aggravated menacing 2903.21 a[n] M1 as charged in [C]ount(s) 2 of the indictment. Defendant addresses the court. The court considered all required factors of the law. The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is sentenced to one and one half years of community control on each count, under the supervision of the adult probation department with the following conditions:

. . .

Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 36 month(s) as approved by law.

Sept. 14, 2021 judgment entry.

{¶ 6} Farrell failed to appear for a community-control hearing on November 3, 2022, and a capias was issued that same day. Over a year later, on March 8, 2024, Farrell was brought into custody.

{¶ 7} On March 21, 2024, the trial court conducted a violation hearing at which Farrell, his counsel, and probation officer Audrey Hayes-Mitchell ("Hayes-Mitchell") were present. Hayes-Mitchell stated that Farrell initially reported to the probation department and submitted urine screens as required under his sentence. Hayes-Mitchell further stated that on June 1, 2022, and September 22, 2022, Farrell tested positive for cocaine. Hayes-Mitchell stated that Farrell subsequently failed to submit a requested urine screen on October 6, 2022; failed to provide his probation officer with a working telephone number or current address; and failed to meet with his probation officer on October 17, 2022, and November 3, 2022.

{¶ 8} Farrell testified that he had full-time employment, maintained an apartment, and had not been in trouble with the law except for his probation violation. Farrell apologized for failing to appear before the court in 2022, and stated he had made a "stupid mistake." The trial court found Farrell in violation of and not amenable to community-control sanctions and sentenced him to 36 months in prison on Count 1 and 180 days in county jail on Count 2, with both counts to be served concurrently to one another. The trial court advised Farrell on jail-time credit and postrelease control.

{¶ 9} On April 17, 2024, Farrell filed a timely notice of appeal presenting two assignments of error, verbatim:

> Assignment of Error I: Mr. Farrell's original sentence was illegal because it contained a "package" prison term of 36 months for both offenses; because it was illegal at the time given, it could not later be imposed.

> Assignment of Error II: Any notice Mr. Farrell had that a violation of community control sanctions would result in prison time a undermined by the probation office's (and thus the trial court's) previous failures to impose any consequences for prior violations.

**Legal Analysis**

{¶ 10} In his first assignment of error, Farrell argues the trial court did not notify him at his sentencing hearing of the possible prison term associated with each offense — attempted felonious assault and aggravated menacing — but presented a "package" prison term of 36 months and, thus, the sentence violated R.C. 2929.19(B)(4) and was contrary to law. The State contends the sentencing hearing

transcript demonstrates the trial court provided the necessary notice and complied with the statutory requirements.

{¶ 11} According to R.C. 2929.15(A)(1), trial courts may impose community-control sanctions on certain felony offenders. Should a court impose an authorized community-control sanction at a sentencing hearing, the court must notify the offender "that, if the conditions of the sanction are violated, . . . the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender." R.C. 2929.19(B)(4); *see State v. Brooks*, 2004-Ohio-4746, ¶ 15 ("[A] trial court sentencing an offender to a community-control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing.").[1] A trial court must "notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Brooks* at ¶ 29. The purpose of the R.C. 2929.19(B)(4) notification is "to put the offender on notice of the specific prison term he or she faces if a violation of the condition occurs." *Brooks* at ¶ 23.

{¶ 12} In support of his first assignment of error, Farrell relies on two cases from the First District Court of Appeals: *State v. Olverson*, 2017-Ohio-9188 (1st Dist.), and *State v. Ward*, 2021-Ohio-1320 (1st Dist.). In *Olverson*, the defendant pleaded guilty to a felony of the fifth degree and a felony of the third degree, and was

---

[1] *Brooks* addressed R.C. 2929.19(B)(5) that is now renumbered as R.C. 2929.19(B)(4).

subject to corresponding prison sentences of six to 12 months and nine to 36 months. The trial court sentenced Olverson to nine months of community-control sanctions on each offense, and the sentencing journal entries "included language indicating Olverson was notified at the hearing that he would be sentenced to 46 months of incarceration for a violation of a condition." *Olverson* at ¶ 3. At the first community-control violations hearing, the defendant pleaded guilty and the trial court imposed a single term of six months of community control. It was unclear whether the court informed Olverson that he would be subject to a prison term of 46 months, as indicated in the sentencing entry, or 24 months, as indicated by the hearing transcript, for a subsequent violation. The trial court did not notify Olverson at the original sentencing hearing or the first violation hearing of the potential prison sentence for each offense the trial court could impose upon revocation of his sanctions.

{¶ 13} Olverson again violated the conditions of his community-control sanctions. The trial court revoked Olverson's community-control sanctions and imposed prison terms of 36 months on the third-degree felony and 10 months on the fifth-degree felony. On appeal, Olverson's sentences were found to be contrary to law because the offender was not notified of the specific prison term the court could impose as to each offense if he violated his community-control sanctions. *Olverson* at ¶ 13 ("[I]t is clear from this record that the trial court sentenced Olverson as a package and did not indicate the 'specific' prison term it would impose as to each offense.").

{¶ 14} In *Ward*, the defendant was convicted on two counts. When the trial court sentenced Ward to community-control sanctions, it did not notify him of the specific prison terms that would be imposed for each offense if he violated his sanctions, but stated he would be sentenced "up to three years." *Ward* at ¶ 5. The *Ward* Court found that the trial court failed to comply with R.C. 2929.19(B)(4)'s notification requirement and, thus, his sentence was contrary to law.

{¶ 15} The trial courts in *Olverson* and *Ward* failed to verbally notify the offenders of the specific prison term that would potentially be imposed — for each offense — if they violated their community-control sanctions. These cases are distinguishable from the instant facts. Here, the trial court unequivocally notified Farrell at his sentencing hearing that a violation of his community-control sanctions could result in prison sentences of 36 months on the attempted-felonious assault conviction and six months in county jail on the aggravated-menacing conviction.

{¶ 16} The facts below are similar to those presented in *State v. Yauger*, 2023-Ohio-815 (8th Dist.). In *Yauger*, the trial court sentenced the offender on two separate cases, and provided the proper R.C. 2929.19(B)(4) notification. The court issued a sentencing entry in one case that stated that a "violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 18 month(s) as approved by law" but that sentence was absent from the second case's sentencing entry. The trial court again notified Yauger at his first community-control violation hearing of the maximum prison sentences he could face for each offense if he violated his sanctions. Yauger violated his sanctions a second time and, at the

related hearing, the court terminated the sanctions and sentenced Yauger to 18 months in prison on both cases, to be served consecutively. On appeal, Yauger did not dispute that the trial court provided the necessary R.C. 2929.19(B)(4) notification at the sentencing hearing and the first violation hearing, and Yauger did not suggest he was unaware of the potential prison term he faced. Instead, Yauger asserted the necessary R.C. 2929.19(B)(4) notice was absent from one of the sentencing entries.

{¶ 17} This court in *Yauger* found "[b]ecause Yauger was properly notified before the sentence was imposed, and then notified again at a subsequent hearing, we find that the statutory purpose of R.C. 2929.19(B)(4), to put the defendant on notice, was properly fulfilled." *Yauger* at ¶ 17. The *Yauger* Court further stated:

> In the instant matter, we have established that Yauger was properly notified at the sentencing hearing. Pursuant to Crim.R. 36, the trial court maintains jurisdiction to correct a journal entry to align with the exact sentiments at the sentencing hearing at any time. In *Lenhert*, *Brown*, and *Goforth*, Crim.R. 36 was unavailable to each of the trial courts because the proper oral notification was never made. In Yauger's case, the trial court was empowered to issue a nunc pro tunc entry corresponding to the oral notification that Yauger received twice. The trial court in the instant matter did not, but failure to do so is not error because there is no requirement, pursuant to *Brooks*, that notification also occur at the journalization stage.

*Yauger* at ¶ 19.

{¶ 18} Applying this court's analysis in *Yauger*, we find that the trial court provided Farrell with the required statutory notice at the sentencing hearing and his sentence was not contrary to law. At the sentencing hearing, the trial court informed Farrell of the potential prison terms he faced for each offense if he violated the

conditions of his community-control sanctions. The trial court then issued a sentencing judgment entry that stated "Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 36 month(s) as approved by law." Sept. 16, 2021 sentencing entry. Arguably, the trial court's sentencing journal entry did not mirror the notification rendered in court — that a violation of Farrell's community-control sanctions could result in a prison sentence of 36 months on amended Count 1 and a jail sentence of six months on Count 2. The trial court could have issued a nunc pro tunc entry, pursuant to Crim.R. 36, to correct the sentencing entry to align with the exact notification provided at the sentencing hearing but the court did not do so. Yet, the trial court's failure to issue a nunc pro tunc entry was not error since there is no requirement, according to *Brooks*, 2004-Ohio-4746, that R.C. 2929.19(B)(4) notification also occur at the journalization stage. *Yauger*; *see also State v. Thompson*, 2011-Ohio-1606 (10th Dist.) ("[T]he *Brooks* court expressly averred that R.C. 2929.19(B)(5) is not satisfied by notification in a journal entry filed after sentencing.").

{¶ 19} For the foregoing reasons, Farrell's first assignment of error is without merit and overruled.

{¶ 20} In his second assignment of error, Farrell argues the trial court's failure to address his community-control violations at an earlier date constituted a failure by the court to explain what actions would result in a violation. Specifically, Farrell references probation officer Hayes-Mitchell's testimony at the violation hearing where she stated that the trial court did not conduct a sanction-violation

hearing until November 3, 2022, even though (1) Farrell submitted urine screens positive for cocaine on June 1, 2022, and September 22, 2022; (2) Farrell failed to submit a urinalysis as requested on October 6, 2022; and (3) Farrell failed to report to his probation officer on October 17, 2022. Farrell argues that "had [he] appeared on each alleged violation, both he and the trial court would have had a chance to discuss and even de-escalate the conduct." Appellant's brief, p. 10.

{¶ 21} Farrell cites to *State v. Harris*, 2024-Ohio-1865 (1st Dist.), in support of his second assignment of error. The *Harris* Court found that the trial court's explanation at each hearing that Harris faced a potential three-year sentence for a violation of his community-control sanctions was not in straightforward and affirmative language that clearly explained what actions would trigger a consequence and, thus, the court did not satisfy the rigors of R.C. 2929.19(B)(4).

{¶ 22} Unlike the trial court in *Harris*, the court here provided clear, straightforward directives to Farrell informing him that a violation of his community-control sanctions could result in specific prison terms for each offense. As stated above in regard to Farrell's first assignment of error, the trial court's advisement at the sentencing hearing sufficiently notified Farrell as to what actions would trigger a consequence should he violate his community-control sanctions. Even if the trial court had conducted additional hearings, it was under no duty to continue to readvise Farrell of the possible sentences at those hearings. *State v. Oulhint*, 2013-Ohio-3250, ¶ 20; *see State v. Hodge*, 2010-Ohio-78, ¶ 9 (R.C. 2929.19(B)(4) does not require the court to provide repeated notifications.).

Further, Farrell's behavior — specifically, his failure to submit to a requested drug screen, to provide his current address and telephone number, and to attend a scheduled probation hearing and violation hearing — do not support Farrell's argument that earlier scheduled violation hearings would have been attended by him and, accordingly, productive.

{¶ 23} For the foregoing reasons, Farrell's second assignment of error is without merit and is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
WILLIAM A. KLATT, JUDGE*

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)