[Cite as *State v. Grimm*, **2023-Ohio-4458.**]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRYAN GRIMM,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0005**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 CR 182

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Mary Adeline R. Lewis,* for Defendant-Appellant.


Dated:  December 8, 2023

**D'Apolito, P.J.**

**{¶1}** Appellant, Bryan Grimm, appeals from the January 9, 2023 judgment of the Belmont County Court of Common Pleas finding he violated his community control sanctions as admitted and consecutively sentencing him to a total of 24 months in prison for trafficking in a fentanyl-related compound and possession of a fentanyl-related compound following a guilty plea. On appeal, Appellant asserts the trial court erred by notifying him with a range instead of a specific prison term for violating community control. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On July 26, 2021, Appellee, the State of Ohio, filed a bill of information charging Appellant on two counts: count one, trafficking in a fentanyl-related compound, a felony of the fifth degree in violation of R.C. 2925.03(A)(1)(C)(9)(A); and count two, possession of a fentanyl-related compound, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(11)(A).[1] Appellant was appointed counsel and filed a motion for intervention in lieu of conviction on November 5, 2021.

**{¶3}** On December 13, 2021, Appellant pled guilty to both charges as contained in the bill of information. The trial court accepted Appellant's guilty plea and accepted him into the Mental Health and Recovery Program. Appellant's adjudication and sentence were deferred pending completion of the program. Due to another pending case, Appellant began the treatment plan and supervision on March 29, 2022.

**{¶4}** The trial court conducted a review on May 25, 2022. The court found Appellant to be "noncompliant" based upon reports of: "(1) Missed counseling appointments; (2) Lying to his clinician and/or having his mother do so; and (3) Overdose of drugs on May 16, 2022." (5/25/2022 Judgment Entry). The court scheduled a termination hearing on June 6, 2022. Appellant failed to appear. Appellant was arrested on June 7, 2022. The court scheduled another termination hearing on June 27, 2022.

---

[1] The charges stem from Appellant's involvement in which he was arrested following a controlled buy of Xanax pills totaling $30.

**{¶5}** The trial court notified Appellant of various residential and nonresidential sanctions, including the successful completion of the program at Eastern Ohio Correction Center ("EOCC"), and asked him, "Now, if you violate these sanctions, you risk a [sic] prison sentences of up to 12 months on each, possibly consecutive; meaning, you could go to prison for up to two years; do you understand?" (6/27/2022 Hearing Tr., p. 8). Appellant replied, "Yes, sir." (*Id.*) On June 29, 2022, the court sentenced Appellant, inter alia, to up to two years of community control supervision with specific conditions. (6/29/2022 Adjudication and Sentencing Judgment Entry).

**{¶6}** The trial court was informed that Appellant completed his program and was scheduled for release on November 21, 2022 from EOCC. The court reviewed the remaining terms of community control with Appellant including the possibility of a term of incarceration for a violation of the terms of up to 12 months per count, possibly consecutive, less time served. (11/21/2022 Judgment Entry).

**{¶7}** On January 4, 2023, the trial court learned that Appellant was picked up on a warrant that was issued the day before. The State filed a motion to revoke community control sanctions. The court scheduled a revocation hearing on January 5, 2023. The court noted seven alleged violations of Appellant's terms of supervision as follows:

> THE COURT: All right. The allegations are in No. 1, that you consumed beverages containing alcohol or a drug of abuse. No. 2, you did not complete a scheduled remote report to your supervisor. No. 3, you missed an office visit with your supervisor. No. 4, you didn't report for a drug screen. No. 5, again, you admitted to using marijuana. No. 6, you had admitted to obtaining and using Xanax, a controlled substance. And No. 7, you didn't complete your counseling program.

(1/5/2023 Hearing Tr., p. 2).

**{¶8}** The trial court further noted:

> And just so you recall, at the time of your adjudication and sentencing on June 27th of last year, when you received a community control sentence, the Court told you then that your reserve sentence was up to 12 months for each of your charges, those being trafficking in a Fentanyl-related

compound and possession of a Fentanyl-related compound. The sentences would be up to 12 months on each, possibly consecutive, less time served.

(*Id.* at p. 3).

**{¶9}** After the trial court indicated his options and inquired as to his understanding, Appellant, through his appointed counsel, admitted to all seven of the violations as alleged. (*Id.* at p. 3-6). The hearing concluded as follows:

THE COURT: All right.

The Court is going to find that, given your admissions - - and, again, the five of these are more technical in nature - - that your community control sentence should be terminated. And the Court is further going to find that based upon the information at the time of the original sentencing, which was a community control sentence, I did inform you that the reserve sentence was up to 12 months in the penitentiary on each count, possibly consecutive, less time served. I am going to find that consecutive sentences are necessary in this matter to punish you and to protect the public from you. You engaged in a course of conduct over a period of different periods, which resulted in these two offenses, and that consecutive sentences are necessary, again, to protect the public.

Again the Court's finding a course of conduct and from your history that consecutive sentences are necessary.

Therefore, I am going to sentence you to 12 months in the penitentiary on each count; those will be served consecutively, for an aggregate sentence of 24 months in the penitentiary [with 186 days credit].[2]

(*Id.* at p. 9-10).

---

[2] Defense counsel objected to the imposition of 12 months consecutive on each count due to the alleged ambiguity at the June 27, 2022 hearing where the trial judge indicated a possibility of a prison term but gave no definite number. The trial court took note of the objection and continued to sentence Appellant to a total of 24 months in prison.

Case No. 23 BE 0005

**{¶10}** On January 9, 2023, the trial court found Appellant violated his community control sanctions as admitted. After considering the sentencing factors contained in R.C. 2929.11, 2929.12, 2929.13, and 2929.14(C)(4), the court consecutively sentenced Appellant to 12 months for trafficking in a fentanyl-related compound and 12 months for possession of a fentanyl-related compound, for a total of 24 months in prison, less 186 days credit for time served.[3]

**{¶11}** Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN THEY FAILED TO NOTIFY THE APPELLANT AT THE TIME OF SENTENCING HIM TO COMMUNITY CONTROL OF THE SPECIFIC PRISON TERM THAT MAY BE IMPOSED FOR A VIOLATION OF COMMUNITY CONTROL.**

**{¶12}** In his sole assignment of error, Appellant argues the trial court erred in failing to notify him of the specific prison term imposed for violating community control. Specifically, the issue Appellant asks this court to resolve is "whether a Court must specify a prison term, rather than give an ambiguous range, when notifying a criminal defendant of the prison term that may be imposed if they were to violate the imposed community control sanctions." (5/4/2023 Appellant's Brief, p. 6).

**{¶13}** This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶14}** R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

---

[3] On February 2, 2023, the January 9, 2023 judgment was amended, nunc pro tunc, to correct a Revised Code reference.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶15} In support of his position, Appellant namely cites to R.C. 2929.19(B)(5), *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, and *State v. Jones*, 7th Dist. Mahoning No. 03 MA 260, 2004-Ohio-6809, for the proposition that:

[C]riminal Defendants are entitled to be notified at the time of being sentenced to community control sanctions [to] the *specific* prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

(Emphasis added) (5/4/2023 Appellant's Brief, p. 3, 6).

{¶16} However, Appellant's reliance on the foregoing is misplaced since they predate the General Assembly's amendment to the relevant Code section in 2021. *See* 2021 Ohio Laws File 30 (Am. Sub. H.B. 110); *State v. Robinson*, 7th Dist. Belmont No. 21 BE 0001, 2022-Ohio-1451, ¶ 10 (the statute has a new subsection number, i.e., while the *Brooks* Court cited to R.C. 2929.19(B)(5), that law is now found at R.C. 2929.19(B)(4)).

Case No. 23 BE 0005

**{¶17}** The 2021 amendment no longer requires a "specific" prison term but rather a "range" from which the prison term may be imposed. *See State v. Jones*, 171 Ohio St.3d 496, 218 N.E.3d 867, 2022-Ohio-4485, ¶ 17. Thus, the 2021 amendment permits the type of advisement that the trial court gave to Appellant in this case.

**{¶18}** The modified language at issue, which now appears in R.C. 2929.19(B)(4), states:

> The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the *range* from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

(Emphasis added) R.C. 2929.19(B)(4).

**{¶19}** The trial court's instructions were proper under the amended statute, R.C. 2929.19(B)(4). Again, the court notified Appellant of various sanctions and asked him, "Now, if you violate these sanctions, you risk a [sic] prison sentences of up to 12 months on each, possibly consecutive; meaning, you could go to prison for up to two years; do you understand?" (6/27/2022 Hearing Tr., p. 8). Appellant replied, "Yes, sir." (*Id.*). The record reflects the court did exactly what R.C. 2929.19(B)(4) now requires, i.e., it indicated a range from which the prison term may be imposed as a sanction for the violations. Thus, the court complied with the requirements of R.C. 2929.19(B)(4).

**{¶20}** The record further reflects the trial court gave due deliberation to the relevant statutory considerations under R.C. 2929.11, 2929.12, 2929.13, and 2929.14(C)(4), and sentenced him within the range for fifth-degree felonies under R.C. 2929.14(A)(5). Accordingly, Appellant's sentence is not contrary to law.

Case No. 23 BE 0005

**CONCLUSION**

{¶21} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The January 9, 2023 judgment of the Belmont County Court of Common Pleas finding Appellant violated his community control sanctions as admitted and consecutively sentencing him to a total of 24 months in prison for trafficking in a fentanyl-related compound and possession of a fentanyl-related compound following a guilty plea is affirmed.

Waite, J., concurs.

Robb, J., concurs.

[Cite as *State v. Grimm*, 2023-Ohio-4458.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**