[Cite as *State v. Fisher*, 2025-Ohio-2155.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                                  No. 114980

    v.                           :

ROBERT FISHER, JR.,               :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** June 18, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683425-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Robert Fisher appeals the trial court's judgment sentencing him to prison for a term of 12 months following a probation-violation hearing. The State concedes that reversible error occurred. When a party concedes an error that is dispositive of the appeal, an appellate court conducts its own review

of the record to determine whether the concession accurately reflects settled law based on the record presented for review. *See, e.g., State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); *see also* Loc.App.R. 16(B). Upon review, we agree with the parties that the trial court erred and therefore reverse the trial court's judgment and vacate appellant's prison sentence.

## I. Factual and Procedural History

{¶ 2} This case began with a traffic stop on April 12, 2023, during which police conducted a probable-cause search of appellant's vehicle. They found narcotics and a 9 mm firearm. On July 3, 2023, the Cuyahoga County Grand Jury returned a five-count indictment charging appellant with multiple felonies related to the firearm and the drugs.

{¶ 3} Following arraignment and pretrial proceedings, appellant pleaded guilty to an amended indictment narrowing the charges to two counts, one a felony of the fourth degree and the other a felony of the fifth degree. The trial court referred appellant to the Cuyahoga County Adult Probation Department for a presentence investigation. Appellant subsequently appeared for sentencing on April 17, 2024.[1] The transcript indicates the trial court sentenced him to one year of community-control sanctions and 80 hours of community service:

> I'm going to sentence you to one year community-control. You'll be on basic supervision. You'll perform 80 hours of community work service. Pay the fees and the court costs. I'll terminate your probation as soon

---

[1] The transcript's heading for the sentencing hearing reflects a date of April 17, 2025. (Tr. 10.) This is plainly a typographical error.

as you pay the fees, court costs and complete your community work service.

(Tr. 15-16.) The trial court's corresponding journal entry, docketed April 18, 2024, likewise provides in pertinent part:

> The court considered all required factors of the law. Defendant to serve 1 year(s) probation on each count. The defendant is ordered to report to the probation department. Defendant to abide by the rules and regulations of the probation department. Court orders defendant to be supervised by: regular supervision unit[.] Defendant to perform court community work service for 80 hours. Probation to terminate upon completion of community work service, payment of costs and fees[.] Supervision fees to be paid at a rate of $20.00 a month. The defendant is ordered to pay cash or perform CCWS in lieu of: paying costs, paying fees. The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution. All motions not specifically ruled on prior to the filing of this judgment entry are denied as moot. The court elects to not suspend defendant's driving privileges. Defendant ordered released.

The trial court did not reserve a prison sentence during the oral sentencing hearing or in its journalized sentencing entry.

{¶ 4} On February 25, 2025, appellant came before the trial court for a probation-violation hearing. The trial court's corresponding journal entry reflects that it found appellant "in violation of community control conditions/sanctions." As a result, appellant appeared before the trial court again on March 4, 2025. The trial court generally recounted the community-control sanctions it had imposed and commented that appellant "did very little of that." (Tr. 17.) The court further explained that, in a status report, appellant's probation officer had indicated that appellant "hadn't done what he had been asked to do and his probation was coming up for expiration on April 17, 2025." (Tr. 19.) The court stated it had asked the

probation officer "to get [appellant] to either agree to extend his supervision or set it for a hearing. He chose to have a hearing, where we had held him to be in violation in terms of his probation." *Id.*

{¶ 5} Defense counsel, along with appellant himself, spoke in mitigation. The trial court sentenced appellant to 12 months of imprisonment, with credit for time served. (Tr. 21-22.)

{¶ 6} Appellant filed a timely notice of appeal on April 2, 2025. In his brief, filed May 28, 2025, appellant presents a single assignment of error:

> The Trial Court erred by sentencing the Appellant to a term of incarceration as the result of his community control violation when no prison term was reserved.

{¶ 7} On May 29, 2025, the State filed a notice of conceded error pursuant to Loc.App.R. 16(B).

## II. Analysis

{¶ 8} After appellant pleaded guilty to the indictment as amended, the trial court sentenced him to one year of community control plus court costs, fines, and supervision fees, as well as 80 hours of community service. No prison term was reserved as to either of the two counts to which appellant pleaded guilty. To impose a prison term due to a violation of community-control sanctions, the trial court must first have "[notified] the defendant at the sentencing hearing 'of the specific prison term that may be imposed for a violation of the conditions of the sanction[.]'" (Emphasis omitted.) *State v. Lenhart*, 2020-Ohio-2727, ¶ 23 (8th Dist.), quoting

*State v. Brooks*, 2004-Ohio-4746, ¶ 29.[2]  The trial court's imposition of a prison term was therefore erroneous, and the State has conceded the error.

{¶ 9} Accordingly, the trial court's judgment is reversed, appellant's prison sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.  *See, e.g., Van Den Eynde* at ¶ 17 (remanding the case "for a resentencing hearing at which the trial court may impose a longer term for the community control sanctions or may impose a more restrictive sanction"), citing *Brooks* at ¶ 33, fn. 2, and *State v. Fraley*, 2004-Ohio-7110, ¶ 17-19.[3]

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's sentence having been reversed and vacated, the case is remanded to the trial court for further proceedings.

---

[2] To a limited extent, *Brooks* has been superseded by the General Assembly's 2021 amendment to and renumbering of the statute, such that it "no longer requires a 'specific' prison term but rather a 'range' from which the prison term may be imposed." *State v. Grimm*, 2023-Ohio-4458, ¶ 17 (7th Dist.), citing *State v. Jones*, 2022-Ohio-4485, ¶ 17. *See also State v. Van Den Eynde*, 2023-Ohio-1790, ¶ 12-15 (3d Dist.).  The amendment is not relevant to this case, however, where the trial court did not notify appellant of any possible term of imprisonment when it originally sentenced him.

[3] The State remarks in its "Notice of Conceded Error" that "there is no indication that Appellant received a proper advisement at a prior community control violation hearing consistent with" *Fraley*.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR