[Cite as *State v. Gray*, 2019-Ohio-5317.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 18CA3857 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| DOMINICK C. GRAY, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 12/23/19** |

_____

APPEARANCES:

Alex F. Kochanowski, Cincinnati, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal from the Scioto County Court of Common Pleas' imposition of a 48-month prison term of Appellant Dominick C. Gray, after he failed to enroll in community control as required under his original sentence. Pursuant to a plea agreement, Appellant pleaded guilty to one count of trafficking in cocaine, a third-degree felony, and one count of possession of cocaine, a third-degree felony, and the parties agreed to jointly recommend a sentence of community control. The trial court accepted the parties' sentencing recommendation, but Appellant never reported to the

Probation Department. After three months passed, Appellant's assigned probation officer applied for revocation of his community control. The court held a revocation hearing, at which Appellant had counsel and testified on his own behalf. The court then sentenced Appellant to a 36-month prison term on the trafficking count and a 12-month prison term on the possession count, to run consecutively for a total of 48 months of imprisonment.

{¶2} On appeal, Appellant contends that (1) he received ineffective assistance of counsel at the revocation hearing because his counsel did not object to the imposition of separate and consecutive sentences, and (2) he was denied due process because the trial court did not merge the counts against him and sentence him to the statutory minimum prison term.

{¶3} We overrule Appellant's first assignment of error because his counsel's performance was not deficient. Appellant's second assignment of error is overruled because, as we also discuss with respect to his first assignment of error, Appellant waived the protection of R.C. 2941.25, which governs when offenses should be merged, in his plea agreement. Having overruled both of Appellant's assignments of error, we affirm the sentence imposed by the trial court.

## BACKGROUND

{¶4} On June 26, 2017, Appellant was indicted in the Scioto County Court of Common Pleas with one count of Trafficking in Cocaine, in violation of R.C. 2925.03(A)(2)/(C)(4)(F), a first-degree felony, and one count of Possession of Cocaine, in violation of R.C. 2925.03(A)/(C)(4)(E), a first-degree felony. Appellant entered a plea of not guilty to both counts.

{¶5} On May 9, 2018, the prosecuting attorney and Appellant notified the court that they had reached a plea agreement. Under the agreement, Appellant would plead guilty to one count of trafficking in cocaine, reduced to a third-degree felony, and one count of possession of cocaine, also reduced to a third-degree felony. The parties also agreed to jointly recommend a sentence of community control. The court accepted the parties' agreement and sentenced Appellant to five years of community control.

{¶6} After sentencing, Appellant was required to report to the Scioto County Common Pleas Probation Department to enroll in the community control program. He never did. On November 15, 2018, upon the application of the Probation Department, the court held a hearing to determine whether to revoke Appellant's community control.

{¶7} At the hearing, Probation Officer Kyle Porter testified that Appellant had failed to report as required under his community control sentence. Appellant testified regarding the reasons why he failed to report. The court heard argument from parties' counsel and permitted Appellant to speak on his own behalf. The court then found that Appellant violated the terms of his community control and, with Appellant's consent, proceeded to disposition.

{¶8} Prior to disposition, the parties' counsel and Appellant were given an additional opportunity to address the court, which they did. The court then revoked Appellant's community control, entered its findings relevant to sentencing, and sentenced Appellant to 36 months of imprisonment for trafficking in cocaine and 12 months of imprisonment for possession of cocaine, to be served consecutively, for a total of 48 months in prison. On November 21, 2018, Appellant timely filed a notice of appeal of the court's decision. He asserts two assignments of error on appeal.

ASSIGNMENTS OF ERROR

I.      "MR. GRAY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS, RESULTING IN AN UNKNOWING AND INVOLUNTARY PLEA, WHEN COUNSEL AGREED FAILED [SIC] TO PROPERLY OBJECT TO THE IMPOSITION OF CONSECUTIVE SENTENCES AND EXCESSIVE SENTENCES DURING MR. GRAY'S PROBATION REVOCATION HEARING."

II.     "MR. GRAY WAS DENIED DUE PROCESS AND FAIR TRIAL
        DURING SENTENCING WHEN THE TRIAL COURT FAILED TO
        MERGE MR. GRAY'S CHARGES AND SENTENCE MR. GRAY
        TO THE STATUTORY MINIMUM BASED ON HIS PERSONAL
        FACTORS IN MITIGATION, WHICH COUNSEL FAILED TO
        PRESENT, IN VIOLATION OF HIS FIFTH AND FOURTEENTH
        AMENDMENT RIGHTS UNDER THE OHIO AND UNITED
        STATES CONSTITUTIONS."

ASSIGNMENT OF ERROR I

{¶9} Appellant contends that he received ineffective assistance of counsel because his attorney at the revocation hearing did not object to the imposition of separate, consecutively served sentences for his trafficking and possession convictions. Appellant specifically argues that his counsel should have argued for the merger of his convictions under R.C. 2941.25(A) and that the imposition of consecutive sentences violated R.C. 2929.14(B)(1)(b). The State counters that Appellant waived the right to merger of his convictions when he entered into his plea agreement. The State further argues that the court made the findings required for the imposition of consecutive sentences under R.C. 2929.14(C)(4). Lastly, the State contends Appellant has not shown that his counsel's allegedly deficient performance prejudiced his defense.

{¶10} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense.

The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, 571 U.S. 263, 272, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) ("defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

{¶11} To establish constitutionally ineffective assistance of counsel, a criminal appellant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *E.g., Strickland*, 466 U.S. at 687; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 183; *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85. An attorney's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113. An attorney's deficient performance is prejudicial where there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different. *Id.*

{¶12} In Ohio, a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. Thus, in reviewing a claim of ineffective assistance of counsel, we indulge

in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* at 689, quoting *Michael v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1956).

{¶13} Failure to establish either deficient performance or prejudice is fatal to a claim of ineffective assistance. *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

{¶14} Appellant's first argument is based on the contention that his trafficking and possession charges should have been merged at sentencing under R.C. 2941.25. That statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. The Supreme Court of Ohio has explained that, "[a]bsent a more specific legislative statement, R.C. 2941.25 is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct."

{¶15} For purposes of R.C. 2941.25(A), "a conviction is a determination of guilt and the ensuing sentence." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 13. Accordingly, "R.C. 2941.25(A)'s mandate that a defendant may be 'convicted' of only one allied offense is a protection against multiple sentences rather than multiple convictions." *Id.* at ¶ 18. A court therefore determines whether to merge two or more offenses under R.C. 2941.25 at sentencing. *Id.*

{¶16} In this case, the parties entered into a plea agreement pursuant to which Appellant pleaded guilty to both the trafficking and possession charges, as amended to third-degree felonies. As their counsel also informed the court, the parties further agreed that each of the two offenses was committed with a separate animus. In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the Supreme Court of Ohio held that "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.' " *Rogers* at ¶ 20, quoting *State v.*

*Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29.  This is precisely what occurred in this case.  Appellant expressly waived the protection afforded by R.C. 2941.25 in his plea agreement.

{¶17} Since Appellant had already waived the protection of R.C. 2941.25, his counsel acted reasonably when she chose not to argue for merger of the two offenses.  Consequently, Appellant's argument that he received ineffective assistance for that reason fails.  As the waiver is dispositive, we need not consider the State's other responses regarding application of R.C. 2941.25.

{¶18} Appellant's second argument is that his counsel should have objected to the imposition of consecutive sentences.  R.C. 2929.41(A) establishes a statutory presumption in favor of concurrent sentences.  "In order to impose consecutive terms of imprisonment, a trial court must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but the court has no obligation to state reasons to support its findings."  *Blair* at ¶ 52, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶19} "Under the tripartite procedure set forth in R.C. 2929.14(C)(4), prior to imposing consecutive sentences the trial court had to find that: (1) consecutive sentences are necessary to protect the public from future crime

or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) * * * the harm caused by two or more multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct." *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 58. "Although it is not necessary for a trial court to use talismanic words in each step of its analysis to comply with R.C. 2929.14(C)(4), it must be clear from the record that the trial court actually made the required findings." *Blair* at ¶ 53, citing *State v. Baker*, 4th Dist. Athens No. 13CA18, 2014-Ohio-1967, ¶ 37, citing *State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 64. Under R.C. 2929.15(B), "the prison term imposed after violation of a community-control sanction must comply with the requirements of R.C. 2929.14." *State v. Love*, 2002-Ohio-7178, ¶ 24.

{¶20} Before sentencing Appellant at the revocation hearing, the trial court made the following findings, among others, on the record:

> The Court will also find that consecutive sentences are necessary to protect the public from future crime and to punish the offender, and not disproportionate to the seriousness of the offender's conduct. The Court will find that at least two of the multiple offenses was committed in part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of the

course of conduct accurately reflects the seriousness of the offender's conduct.

These are the findings required under R.C. 2929.14(C)(4). As mentioned, the court had no obligation to state reasons to support its findings.

{¶21} Because the record is clear that the court made the required findings, Appellant's only possible ground for objection would have been that the evidence failed to support the court's findings. *See Bonnell* at 29 ("[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."). In this case, the court's findings are supported by the record.

{¶22} The court surmised from Appellant's testimony that he did not demonstrate a genuine interest in reforming his conduct and complying with the terms of his community control—it appeared that Appellant "had other things to do" and was "busy." In addition, Appellant testified that he was smoking marijuana during the time that he was supposed to have been registering for community control. (Appellant disputed that he was using marijuana in May 2018, but then admitted to its use in June 2018 when he still had not reported to the Probation Department.) These facts support the finding that Appellant presented a danger to the public and consecutive sentences were therefore necessary to protect the public from future crime.

{¶23} The record also supports the court's finding that consecutive sentences were not disproportionate to the seriousness of Appellant's conduct. Appellant pleaded guilty to two third-degree felonies, each of which carries a prison term of up to 36 months. R.C. 2929.14(A)(3)(b). At the original sentencing hearing and in its Judgment Entry of Sentence, the trial court informed Appellant that violation of his community control would result in a prison term of 72 months. The 48-month prison term that Appellant received is therefore 24 months shorter than the prison term that the court could have imposed for violation of his community control. *See* R.C. 2929.19(B)(4) (upon imposition of community control, the court "shall indicate the specific prison term that may be imposed as a sanction for [its] violation") and *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837 (court has discretion to impose prison term upon violation of community control up to the length of the specific term identified pursuant to R.C. 2929.19(B)(4)).

{¶24} There is also evidence supporting the trial court's finding regarding the seriousness of Appellant's conduct. Again, Appellant pleaded guilty to trafficking and possession of cocaine, two third-degree felonies, yet admitted to using another illegal substance when he was supposed to be enrolled in community control. Appellant never reported to his probation

officer.  Moreover, he had to be arrested pursuant to a warrant in order to secure his appearance at the revocation hearing.  The imposition of consecutive sentences, which combined for a total of 48 months in prison, was commensurate with the seriousness of Appellant's conduct.

{¶25} Additionally, Appellant also cites the provision of R.C. 2929.14(B)(1)(b) that states:  "Except as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction."  R.C. 2929.14(B)(1)(6).  R.C. 2929.14(B)(1)(a) provides that certain prison terms shall be imposed on an offender who is convicted of or pleads guilty to a felony who is also convicted of or pleads guilty to a specification involving the possession or use of a firearm.  Appellant did not plead guilty to a firearm specification and was not sentenced to a prison term under R.C. 2929.14(B)(1)(a). Appellant was mistaken in his reliance on R.C. 2929.14(B)(1)(b).

{¶26} In sum, Appellant's counsel did not have a meritorious basis for objecting to the trial court's imposition of separate sentences under R.C. 2941.25 or consecutive sentences under R.C. 2919.14.  Her decision not to object on those grounds was reasonable and Appellant has not shown that

her performance was otherwise deficient.  Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶27} Appellant contends in his second assignment of error that the trial court erred because it did not merge the counts against him and sentence him to the statutory minimum prison term.  In evaluating Appellant's first assignment of error, we determined that Appellant waived the protection afforded by R.C. 2941.25, which dictates when offenses shall be merged, by stipulating that each count was committed with a separate animus in his plea agreement.  Appellant's argument regarding the length of his prison term is that the court failed to make the findings required under R.C. 2929.14(C)(4) to impose consecutive sentences.  We also have already found, however, that the trial court complied with that statute when it sentenced Appellant.  These two holdings are dispositive of Appellant's second assignment of error, which is therefore overruled.

## CONCLUSION

{¶28} As discussed above, we overrule Appellant's first assignment of error because his counsel's performance was not deficient.  His second assignment of error is overruled because the trial court did not err in imposing separate sentences on the counts against him, to be served

consecutively, for a total 48-month prison term.  Accordingly, we affirm the

lawful sentence imposed by the trial court.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED.  Court costs are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**