**[Cite as *State v. Thompson*, 2024-Ohio-3361.]**

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos. 23CA18 |
| | : | 23CA19 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| VICKIE M. THOMPSON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Christopher Bazely, Cincinnati, Ohio, for Appellant.

Nicole Coil, Washington County Prosecutor, and Daniel W. Everson, Assistant Washington County Prosecutor, Marietta, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Vickie M. Thompson, Appellant, appeals two judgments of the Washington County Court of Common Pleas revoking her community control in two cases and sentencing her to consecutive terms of imprisonment. On appeal, Thompson contends that the trial court erred when it ordered her to serve her sentences for revocation of community control consecutively. However, because we find no merit to Thompson's sole assignment of error, it is overruled. Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶2}  The matter presently before us began with the filing of an indictment against Thompson on December 12, 2019, identified as Case No. 19CR519, charging her as follows:

Count 1:　　Theft of a motor vehicle, a fourth degree felony;

Count 2:　　Petty theft, a first-degree misdemeanor;

Count 3:　　Misuse of credit cards, a first-degree misdemeanor;

Count 4:　　Receiving stolen property, a fourth-degree felony;

Count 5:　　Receiving stolen property, a first-degree misdemeanor; and

Count 6:　　Aggravated possession of drugs, a fifth-degree felony.

While her first case was pending and yet to be resolved, she was indicted on August 19, 2020, identified as Case No. 20CR330, on one count of Failure to appear as required by recognizance (related to her failure to appear in Case No. 19CR519), a fourth-degree felony.

{¶3}  These matters were eventually disposed of by way of a plea agreement whereby Thompson agreed to plead guilty to Counts 1, 3, and 6 in Case No. 19CR519, as well as plead guilty to the sole count contained in Case No. 20CR330, in exchange for the dismissal of Counts 2, 4, and 5 in Case No.

19CR519.  As a result, combined change of plea and sentencing hearings were held in both cases on December 11, 2020.  The trial court sentenced Thompson to two years of community control in Case No. 19CR519, reserving an 18-month prison term on Count 1 and a 12-month prison term on Count 6, to be served consecutively for a maximum sentence of 30 months, in the event of a future violation of community control.[1]  The trial court also sentenced Thompson to two years of community control in Case No. 20CR330, reserving an 18-month prison term.  During the combined sentencing hearings in both cases, the trial court notified Thompson that in the event her community control was revoked, she could be sent to prison for a total of 48 months.  The on-the-record-exchange between the Court and Thompson was as follows:

> The Court:          You know, by placing you on community control, I've reserved the entire prison terms. So you know, this is your chance to prove to the community that you can change your ways.  If you've lied to us, you're not ready for treatment, or you can't pull through with the treatment, the Court absolutely intends to send you to prison, you know, and the victim will get what she asked for, because right now, the entire amounts, you got 30 plus – 48, so you're looking at a total of 48 months. So you can go for up to four years.  You understand that?
>
> The Defendant:      Yes, sir.

---

[1] Because Count 3 was a misdemeanor offense, the trial court separately sentenced Thompson to 30 days in the Washington County Jail with credit for 30 days served on that count.

{¶4} Thompson thereafter admitted to violations of her community control on August 22, 2003, which resulted in the revocation of community control in both of her cases.[2] Over the objection and argument of defense counsel that the trial court could not impose the sentences consecutively because it had not notified Thompson that consecutive service was a possibility when it originally sentenced her, the trial court sentenced Thompson to a 17-month prison term on Count 1 and a 6-month prison term on Count 6 in Case No. 19CR519, to be served concurrently to one another but consecutively to the prison term that would be imposed in Case No. 20CR330. The trial court then went on to impose a 17-month prison term in Case No. 20CR330, which it ordered to be served consecutively to the prison terms imposed in Case No. 19CR519. Thus, the prison terms in the two cases were ordered to be served consecutively for a total of 34 months. It is from these judgments issued by the trial court that Thompson now brings her consolidated appeals, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

I.    THE TRIAL COURT ERRED WHEN IT ORDERED THOMPSON TO SERVE HER SENTENCES FOR REVOCATION OF COMMUNITY CONTROL CONSECUTIVELY.

---

[2] The record before us indicates that the trial court's recording equipment malfunctioned the day of the revocation hearing and therefore no recording exists. Thompson therefore submitted a Motion to Adopt the Statement of Proceedings Pursuant to App.R. 9(C) and attached affidavits from defense counsel and the prosecutor as to their recollections of the proceedings. The trial court thereafter approved the statement of proceedings.

{¶5}  In her sole assignment of error, Thompson contends that the trial court erred by imposing consecutive sentences for revocation of her community control. More specifically, she contends that the trial court's imposition of consecutive sentences was contrary to law because the court failed to advise her that the prison terms could be ordered to be served consecutively at her original sentencing hearing.  The State contends, on the other hand, that the trial court's advisements provided during Thompson's underlying sentencing hearing satisfied the legal requirements for the imposition of consecutive sentences in the event of a future violation of community control, which in this case, came to pass.  The trial court further urges this Court to reject the recent reasoning set forth by the Supreme Court of Ohio in *State v. Jones*, 171 Ohio St.3d 496, 2022-Ohio-4485, 218 N.E.3d 867, which provides that a trial court may not impose reserved prison terms consecutively for a violation of community control unless it advised the defendant at the underlying, original sentencing hearing that the imposition of consecutive prison terms was a possibility.  However, as set forth below, we conclude that the trial court's advisement to Thompson during her original sentencing hearing satisfied the requirements set forth in *State v. Jones, supra.*

Standard of Review

{¶6}  We review felony sentences under the standard set forth in R.C. 2953.08(G)(2):

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7} We may vacate or modify a felony sentence if we clearly and convincingly find that the record does not support the trial court's findings. *State v. Layne*, 4th Dist. Adams No. 20CA1116, 2021-Ohio-255, ¶ 6. " 'This is an extremely deferential standard of review.' " *Id.* at ¶ 8, quoting *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-3943, ¶ 8. Clear and convincing evidence is proof that is more than a "mere preponderance of the evidence" but not of such certainty as "beyond a reasonable doubt," and produces in the mind a "firm belief or conviction" as to the facts sought to be established. *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 42.

Consecutive Sentences

{¶8} There is a statutory presumption in favor of concurrent sentences pursuant to R.C. 2929.41(A). In order to justify the imposition of consecutive terms of imprisonment, "a trial court must make the findings mandated by R.C.

2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but the court has no obligation to state reasons to support its findings." *State v. Blair*, 4th Dist. Athens No. 18CA24, 2019-Ohio-2768, ¶ 52, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. This Court explained as follows in *State v. Cottrill* regarding the findings required to support the imposition of consecutive sentences:

> "Under the tripartite procedure set forth in R.C. 2929.14(C)(4), prior to imposing consecutive sentences a trial court must find that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of three circumstances specified in the statute applies."

*State v. Cottrill*, 4th Dist. Ross No. 20CA3704, 2020-Ohio-7033, ¶ 14, quoting *State v. Baker*, 4th Dist. Athens No. 13CA18, 2014-Ohio-1967, ¶ 35-36.

{¶9} Further, as we explained in *Cottrill*, the three circumstances are as follows:

> "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

*Cottrill* at ¶ 14, quoting R.C. 2929.14(C)(4)(a)-(c).

Any findings required by the applicable statutory sentencing provisions and made by the sentencing court, such as those contained in R.C. 2929.14(C)(4)(c), must still be supported by the record. *State v. Gray*, 4th Dist. Scioto No. 18CA3857, 2019-Ohio-5317, ¶ 21.

Imposition of Consecutive Sentences Following<br>Revocation of Community Control

{¶10} In *State v. Marcum*, 4th Dist. Hocking No. 19CA7, 2020-Ohio-3962, ¶ 9, we explained that under appropriate circumstances, such as when a prison term is not required, R.C. 2929.15 permits a court to impose community control sanctions as a sentence for a felony offense. We further noted that trial courts have three options " 'for punishing offenders who violate community control sanctions.' " *Id.*, quoting *State v. McPherson*, 142 Ohio App.3d 274, 278, 755 N.E.2d 426 (4th Dist. 2001) and R.C. 2929.15(B)(1)(a)-(c). The first option is to "lengthen the term of the community control sanction[.]" *Id.* The second option is to "impose a more restrictive community control sanction[.]" *Id.* The third option is to "impose a prison term on the offender[.]" *Id.*

{¶11} In *Marcum*, we observed that trial courts are "not prohibited, per se, from sentencing an offender to concurrent terms of community control but consecutive prison terms as a possible punishment for violating those community control sanctions." *Marcum* at ¶ 10, citing *State v. Dusek*, 4th Dist. Hocking No. 18CA18, 2019-Ohio-3477, ¶ 4 (the trial court imposed concurrent community control sanctions but notified appellant that violating those sanctions could result in consecutive prison terms). Moreover, as this Court recently observed in *State v. Cihon*, 2023-Ohio-3108, 223 N.E.3d 991, ¶ 13, the Supreme Court of Ohio held as follows in *State v. Jones, supra*:

> When a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility.

*Jones* at ¶ 2.

Legal Analysis

{¶12} Here, Thompson argues that "[t]he transcripts from her original sentencing hearing show that the trial court failed to advise her that she could serve a sentence for violating her community control consecutively to any other sentence." She argues that, as a result, she "did not know the specific prison term she would receive for a violation" and that the trial court's imposition of consecutive sentences is contrary to law under *Jones, supra*. The State responds

with a five-page criticism of the *Jones* holding before acknowledging that this Court "is bound to honor *Jones* as the controlling precedent of the state's highest court." However, the State also argues that the trial court in this case ultimately complied with the requirements set forth in *Jones*. The State concedes that the trial court failed to utilize the term "consecutive" in the notification provided to Thompson during her original sentencing hearing. However, it argues that the trial court did inform Thompson that in the event she violated her community control, it could sentence her to a term of 30 months as well as a term of 18 months, for a total prison sentence of 48 months. The State argues that this notification was sufficient under *Jones*. We agree.

{¶13} As set forth above, the trial court engaged Thompson on the record and after detailing the separate prison terms reserved on each count contained in the two cases, it inquired whether Thompson understood that if she violated her community control, she was "looking at a total of 48 months." Thompson voiced understanding. This number, of course, was comprised of the 30-month prison term reserved in Case No.19CR519 and the 18-month prison term reserved in Case No. 20CR330. We conclude this notification satisfied the requirements laid out in *Jones, supra*. Further, because Thompson's argument on appeal is limited to the question of whether the trial court notified her at her original sentencing hearing that consecutive prison terms could be imposed upon the revocation of her

community control, and does not raise any additional arguments related to the trial court's consecutive sentencing findings made after revocation of her community control, we need not review the trial court's consecutive sentence findings.

{¶14} Thus, having found no merit in Thompson's sole assignment of error, it is overruled. Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**