[Cite as *State v. Heath*, 2026-Ohio-685.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO<br><br> Plaintiff - Appellee<br><br>-vs-<br><br>JEFFREY HEATH<br><br>Defendant – Appellant | Case Nos. 25 CAA 06 0044 & 25 CAA 08 0063<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Court of Common Pleas, Case Nos. 25 CRI 02 0122 & 23 CRI 03 0112<br><br>Judgment:  Vacated and Remanded<br><br>Date of Judgment Entry: February 27, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, KATHERYN L. MUNGER, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*King, P.J.*

{¶ 1}   Defendant-Appellant Jeffery Heath appeals the May 28, 2025 judgment of the Delaware County Court of Common Pleas which revoked his community control in case number 23 CRI 03 0112, imposed two prison terms in that matter, imposed an additional prison term in case number 25 CRI 02 0112, and ordered Heath to serve the terms consecutively. We vacate Heath's sentences and remand the matter for resentencing.

Facts and Procedural History

{¶ 2}   On July 28, 2023, Heath pled no contest one count of illegal use of a minor in sexually oriented material and one count of pandering sexually oriented material

involving a minor, felonies of the second degree. By judgment entry filed September 6, 2023 the trial court sentenced Heath to three years of community control. Heath was advised that violation of community control could result in a prison term of up to 20 years.

{¶ 3}   On May 28, 2025, the trial court revoked Heath's community control due to new criminal charges in case number 25 CR I 02 0122, and sentenced him to 15 months on that case. For the 2023 case, the trial court imposed sentences of 3 to 6 years on each count. The trial court ordered Heath to serve all three sentences consecutively for an aggregate total of 12 to 15 years in prison.

{¶ 4}   Heath timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follows:

I

{¶ 5}   "HEATH'S SENTENCES IN CASE NUMBER 23 CRI 03 0112 ARE CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO PROPERLY RESERVE THE SENTENCING RANGE AT HIS ORIGINAL SENTENCING."

II

{¶ 6}   "THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES, BOTH INTERNALLY IN CASE NUMBER 23 CRI 02 0112 AND WITH CASE NUMBER 25 CRI 02 0122, IS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO ADVISE HEATH THAT CONSECUTIVE SENTENCES COULD BE IMPOSED AT HIS ORIGINAL SENTENCING IN CASE NUMBER 23 CRI 03 0112."

I

{¶ 7}   In his first assignment of error, Heath argues the trial court failed to properly reserve a specific prison term that could be imposed in the event he violated the

conditions of his community control. He therefore argues his sentences are contrary to law under R.C. 2953.08(G)(2). We agree.

Felony Sentence Review

{¶ 8}  This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 22, 59 N.E.3d 1231; *State v. Howell,* 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 9} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

Sentencing and Community Control

{¶ 10} R.C. 2929.15 governs community control sanctions. Pursuant to current subsection (B)(3), if an offender violates community control, a trial court may sentence the offender to a prison term which "shall not exceed a prison term from the range of terms specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(4) of section 2929.19 of the Revised Code."

{¶ 11} In *State v. Brooks*, 103 Ohio St.3d 134, the Ohio Supreme Court, discussing former R.C. 2929.19(B)(5), now R.C. 2929.19(B)(4), and R.C. 2929.15(B), noted that compliance with relevant sentencing statutes must come at the sentencing hearing and that "notification generally is deficient when the trial court's statement to an offender of a possible term of imprisonment occurs at a plea hearing and is not repeated at a later sentencing hearing." *Id*. at 138 citing *State v. Comer*, 2003 Ohio St.3d 463.

{¶ 12} Additionally, "notify[ing] the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction" is a "prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Fraley*, 2004-Ohio-7110, syllabus; *State v. Olverson*, 2017-Ohio-9188 ¶ 15 (1st. Dist.).

{¶ 13} Turning to the matter at bar, in the 2023 case, Heath entered pleas of no contest to one count of illegal use of a minor in sexually oriented material and one count of pandering sexually oriented material involving a minor, felonies of the second degree. The trial court accepted Heath's pleas, convicted him and ordered a presentence investigation.

{¶ 14} During a sentencing hearing held on the September 5, 2023, the trial court sentenced Heath to a period of community control and advised:

> If Mr. Heath were to violate the requirements of his community control sentence, I could extend to a full five years the period of time when he would be on probation here with me in the case. I could add other conditions and consequences to the community control terms, that might be more jail days, house arrest, and other consequences too. I could of course, still impose prison terms on the case as well. If I imposed any prison terms because Mr. Heath violated the requirements of his community control sentence, prison terms in the case, between these two charges could last for as long as 20 years.

{¶ 15} Transcript of September 5, 2023 sentencing at 13.

{¶ 16} In its September 6, 2023 sentencing judgment entry, the trial court indicated: "It was further ORDERED that a violation of this Sentence could lead to a longer or more restrictive Sanction or Sanctions, and a prison term of up to 20 years."

{¶ 17} No mention was made during sentencing, nor in the sentencing judgment entry of specific sentences the trial court reserved, nor was there any mention of consecutive sentences.

{¶ 18} In *State v. Ward*, 2021-Ohio-1320 (1st Dist.), Ward was placed on community control following convictions for two counts of aggravated trafficking in drugs, both fourth-degree felonies with an authorized sentencing range of six to 18 months in prison. During Ward's sentencing the trial court advised violation of his community control could result in a prison term of "up to three years." When he later violated conditions of his community control, the trial court revoked community control and imposed consecutive 18-month prison terms. *Id*. ¶ 5. On appeal, the First District found "up to three years" was inadequate notice under R.C. 2929.19(B)(4) and Ward's sentence was therefore clearly and convincingly contrary to law. The court vacated Ward's sentences finding incarceration had not been properly reserved as an option. *Id*. ¶ 6-7.

{¶ 19} As in *Ward* the trial court here failed to adequately reserve a specific sentence in the event Heath violated the terms of his community control. We conclude, therefore, that the imposition of any prison sentence in the 2023 case is contrary to law.

{¶ 20} The first assignment of error is sustained. Heath's sentences in the 2023 case are vacated and the matter is remanded for resentencing.

II

{¶ 21} In his second assignment of error, Heath argues the trial court erred in imposing consecutive sentences both internally in the 2023 case and consecutive to the sentence in the 2025 case.

{¶ 22} Given our resolution of the first assignment of error, while the trial court still could impose a prison term related to the charges in the 2025 case upon remand, Heath pled to a singular count of pandering sexually oriented matter involving a minor in that case. Consecutive sentences are therefore no longer an option. We therefore decline to address the second assignment of error as it is moot.

{¶ 23} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is vacated and the matter is remanded for resentencing.

{¶ 24} Costs are waived.

By: King, P.J.

Hoffman, J. concur and

Montgomery, J. dissents.


*Montgomery, J.*, dissents

**{¶25}** I respectfully dissent from the majority's opinion because the notice requirements of R.C. 2929.19(B)(4) were satisfied. At the sentencing hearing held on September 5, 2023, the trial court did advise the defendant that:

> If Mr. Heath were to violate the requirements of his community control sentence, I could extend to a full five years the period of time when he would be on probation here with me in the case. I could add other conditions and consequences to the community control terms, that might be more jail days, house arrest, and other consequences, too. I could of course, still impose prison <u>terms</u> on the case as well. If I imposed any prison terms because Mr. Heath violated the requirements

of his community control sentence, prison terms in the case, between these two charges could last for as long as 20 years.

{¶26} In addition, similar language was included in the trial court's September 6, 2023, sentencing Judgment Entry:

It is further ORDERED that a violation of this sentence could lead to a longer or more restrictive sanction or sanctions, and a prison term of up to 20 years.

{¶27} The majority states in their decision that no mention was made during the sentencing nor in the sentencing Judgment Entry of specific sentences the trial court reserved and that there was no mention of consecutive sentences.

{¶28} The majority has chosen to follow a First District Court of Appeals case cited in their Opinion as *State v. Ward*, 2021-Ohio-1320 (1st Dist.) which concluded that defining a potential prison term of "up to three years" for violating the conditions of community control was inadequate.

{¶29} When reading R.C. 2929.19(B)(4) it states, in part, ". . . or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation . . . ."

{¶30} The majority here defines the word "range" differently than I do. R.C. 2929.19(B)(4) utilizes the word "range" twice as it relates to notice requirements for prison sentences to be imposed for violations of community control. However, nowhere in this statute does the word consecutive sentences or definite prison term appear. The majority sees something in this statute that I do not.

{¶31} The trial court in both the sentencing hearing and sentencing Judgment Entry did enough to comply with the notice requirements for violating community control to satisfy R.C. 2929.19(B)(4). I would not have found that the sentences imposed by the trial court judge were clearly and convincingly contrary to law.

**{¶32}** Furthermore, the prison sentence imposed by the trial court in this underlying case was less than the possible sentence of up to 20 years in which the defendant had notice of in both the sentencing hearing and the sentencing Judgment Entry consistent with the requirements contained in R.C. 2929.15.

**{¶33}** For the aforementioned reasons, I dissent from the majority's Opinion and would have affirmed the trial court's decision.