[Cite as *State v. Heath*, 2026-Ohio-685.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAA 06 0044 & 25 CAA 08 0063 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | On Motion for Reconsideration, Appeal from the Court of Common Pleas, Case Nos. 25 CRI 02 0122 & 23 CRI 03 0112 |
| JEFFREY HEATH | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment Entry: April 13, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, KATHERYN L. MUNGER, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Plaintiff-Appellee the State of Ohio has filed an application for reconsideration, or in the alternative, en banc consideration of our February 27, 2026 decision in *State v. Heath* 2026-Ohio-685 (5th Dist.) (Montgomery dissenting), which granted Defendant-Appellant Heath's first assignment of error and found moot his second assignment of error.  For the following reasons, we grant the State's motion for reconsideration, deny the State's motion for en banc consideration, vacate our February 27, 2026 opinion, and affirm the judgment of the trial court.

Motions to Reconsider

{¶ 2}   The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been *Matthews v. Matthews*, 5 Ohio App.3d 140, 450 N.E.2d 278 (10th Dist.1981).

{¶ 3}   The State's motion calls to our attention an error of law. The State points to our reliance on *State v. Ward* 2021-Ohio-1320 (1st Dist.) which is misplaced in light of changes to R.C. 2929.14(B)(4) after the *Ward* decision was published. Specifically, the State argues the majority in the previous case erred in concluding the trial court had failed to adequately reserve a prison sentence in the event Heath violated the terms and conditions of his community control. The argument is well taken. Accordingly, we grant the motion for reconsideration, vacate our February 27, 2026 opinion, and issue this opinion in its place.

Facts and Procedural History

{¶ 4}   On July 28, 2023, Heath pled no contest one count of illegal use of a minor in sexually oriented material and one count of pandering sexually oriented material involving a minor, felonies of the second degree. By judgment entry filed September 6, 2023 the trial court sentenced Heath to three years of community control. Heath was advised that violation of community control could result in a prison term of up to 20 years.

{¶ 5}   On May 28, 2025, in case number 25 CR I 02 0122, the trial court revoked Heath's community control after he pled guilty to one count of attempted pandering sexually-oriented matter involving a juvenile. In the 2025 case the trial court sentenced Heath to 15 months. For the 2023 case, the trial court imposed sentences of 3 to 6 years

on each count. The trial court ordered Heath to serve all three sentences consecutively for an aggregate total of 12 to 15 years in prison.

{¶ 6} Heath timely filed an appeal challenging the adequacy of the trial court's notification that consecutive sentences could be imposed should his community control be revoked, and the imposition of consecutive sentences when his community control was revoked. On February 27, 2026, we rendered an opinion finding the trial court had failed to reserve a specific sentence in the event Heath violated the terms of his community control. *Heath* at ¶ 19. The matter is now before this court for reconsideration. Heath responded to the State's motion for reconsideration and not argue against the motion, but did argue his second assignment of error should also be examined upon reconsideration. We therefore reconsider Heath's two assignments of error as follows:

I

{¶ 7} "HEATH'S SENTENCES IN CASE NUMBER 23 CRI 03 0112 ARE CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO PROPERLY RESERVE THE SENTENCING RANGE AT HIS ORIGINAL SENTENCING."

II

{¶ 8} "THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES, BOTH INTERNALLY IN CASE NUMBER 23 CRI 02 0112 AND WITH CASE NUMBER 25 CRI 02 0122, IS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO ADVISE HEATH THAT CONSECUTIVE SENTENCES COULD BE IMPOSED AT HIS ORIGINAL SENTENCING IN CASE NUMBER 23 CRI 03 0112."

I

{¶ 9} In his first assignment of error, Heath argues the trial court failed to properly reserve a sentencing range that could be imposed in the event he violated the

conditions of his community control. He argues his sentences are therefore contrary to law under R.C. 2953.08(G)(2). We disagree.

Felony Sentence Review

{¶ 10} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell,* 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
>  The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 11} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

Sentencing and Community Control

{¶ 12} R.C. 2929.19(B)(4) governs the imposition of community control and sets forth certain sentencing hearing requirements when a trial court imposes a community control sanction. That section states:

> (4) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and *shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant*

*to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.*

{¶ 13} Emphasis added.

{¶ 14} The foregoing section indicates its mandates must be met at the sentencing hearing. Therefore, "notification generally is deficient when the trial court's statements to an offender of a possible term of imprisonment occurs at a plea hearing and is not repeated at a later sentencing hearing." *State v. Brooks*, 2004-Ohio-4746, ¶ 17.

The State's Arguments

{¶ 15} In support of its argument to affirm, the State cites several cases beginning with *State v. Grimm*, 2023-Ohio-4458 (7th Dist.). In that matter the trial court advised Grimm "Now, if you violate these sanctions, you risk prison sentences of up to 12 months on each, possibly consecutive; meaning you could go to prison for up to two years; do you understand?" On appeal the Seventh District affirmed this notification because a range was given.

{¶ 16} The State next cites *State v. Adkins*, 2025-Ohio-4526 (11th Dist.), however, the quote cited by the State is from *State v. Thompson*, 2024-Ohio-3361 (4th Dist.), not *Adkins*. *Thompson* involved two cases, one in which defendant Thompson entered pleas to three counts and the second involving a plea to one count. In the first case, the trial court sentenced Thompson to two years of community control reserving an 18-month prison term on one count and a 12-month prison term on the other, to be served consecutively for a maximum sentence of 30 months, in the event Thompson violated his community control. In the second case, the trial court also sentenced Thompson to two years of community control and reserved an 18-month prison term. During the combined

sentencing hearings in both cases, the trial court notified Thompson that in the event her community control was revoked, she could be sent to prison for a total of 48 months. *Thompson* ¶ 3. The State in this matter quotes the exchange between the Court and Thompson, specifically:

> "You know, by placing you on community control, I've reserved the entire prison terms. So you know, this is your chance to prove to the community that you can change your ways. If you've lied to us, you're not ready for treatment, or you can't pull through with the treatment, the Court absolutely intends to send you to prison, you know, and the victim will get what she asked for, because right now, the entire amounts, you got 30 plus - 48, so you're looking at a total of 48 months. So you can go for up to four years. You understand that?

{¶ 17} *Thompson* at ¶ 3.

{¶ 18} On appeal, the Fourth District found this language adequate as the trial court had "inquired whether Thompson understood that if she violated her community control, she was 'looking at a total of 48 months.' " *Id*. at ¶ 13.

{¶ 19} Next the State cites *State v. Pruitt*, 2024-Ohio-5434 (3d Dist.). In that matter Pruitt pled guilty to a single third-degree felony.  During his sentencing the trial court notified Pruitt that "[i]f the conditions of community control sanctions imposed are violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term of thirty-six months." *Id*. ¶ 12. Further, the trial court advised Pruitt that it "intend[ed] to impose a prison term of thirty-six

months if there is a community control violation." Pruitt subsequently violated his community control and was sentenced to a 24-month prison term. *Id.*

{¶ 20} On appeal, Pruitt argued the trial court failed to notify him of the range from which a prison term could be imposed if he violated his community control. The Third District disagreed finding:

> Even though the better practice would have been for the trial court to inform Pruitt of the *range* of the prison term that could be imposed if he violated the terms and conditions of his community-control sanctions, Pruitt's sentence is not contrary to law since the trial court unequivocally notified Pruitt of the maximum term that would be imposed. Accord *Wells* at ¶ 16. Indeed, to us, the trial court informed Pruitt of the top end of the range of possible prison terms, which, under the facts presented does not render his sentence contrary to law. See *State v. Monroe*, 2020-Ohio-597, ¶ 41 (2d Dist.) ("For all revocations, the prison term must be within the range of prison terms available for the offense for which community control had been imposed and the term may not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing."). Therefore, because the trial court imposed a lesser term of imprisonment, Pruitt's sentence is not contrary to law. See *State v. Monroe*, 2020-Ohio-597, ¶ 41 (2d Dist.) ("For all revocations, the prison term must be within the range of prison terms available for the offense for which community control had been

imposed and the term may not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing."). Therefore, because the trial court imposed a lesser term of imprisonment, Pruitt's sentence is not contrary to law. See *Goldsberry*, 2009-Ohio-6026, at ¶ 15 (3d Dist.) (determining that "although a trial judge may not impose a prison term exceeding the term of which the offender was originally notified, the trial judge may choose to impose a lesser term of imprisonment").

{¶ 21} *Pruitt* at ¶ 13.

{¶ 22} In contrast, the State cites *State v. Van Den Eynde*, 2023-Ohio-1790 (3d Dist.). In that matter Van Den Eynde pled guilty to two fifth-degree felonies and was placed on community control. During sentencing, the trial court made only vague references to the possibility of Van Den Eynde serving a prison term, and it was not clear whether the references were in regard to a prison term in the event of a community control violation. *Id.*, ¶ 8. The trial court made no reference to the potential duration of a prison term nor did it reference any range of a potential sentence. *Id.* ¶ 9. When Van Den Eynde violated her community control, the trial court imposed eleven-month prison term for each of Van Den Eynde's convictions and ordered her to serve the sentences consecutively. *Id.* ¶ 2

{¶ 23} On appeal, the State argued, as does the State here, that changes to R.C. 2929.14(B)(4) changed the degree of notification required under the statute. The trial court noted:

> While changing the content of the notification from an announcement of a "specific prison term" to a recitation of the "range of prison terms for the offense," the revisions to R.C. 2929.19(B)(4) have not changed the fact that a trial court is still required to "indicate" the reserved prison term that may be imposed for a community control violation. R.C. 2929.19(B)(4). In other words, the revisions may affect the content of the notification but do not affect the necessity or manner of the notification. Since the foundations of the *Brooks* decision remain intact, we will continue to follow its directives.

{¶ 24} *Id*. at ¶ 15 citing *State v. Brooks*, 2004-Ohio-4746. The Third District reversed the trial court's sentence finding it had not complied with the mandates of R.C. 2929.14(B)(4). *Id*. ¶ 16.

Heath's Sentences

{¶ 25} Turning to matter at bar, in the 2023 case, on July 28, 2023, Heath entered pleas of no contest to one count of illegal use of a minor in sexually oriented material and one count of pandering sexually oriented material involving a minor, felonies of the second degree. The trial court accepted Heath's pleas, convicted him, and ordered a presentence investigation.

{¶ 26} The trial court held a sentencing hearing on September 5, 2023, sentenced Heath to a period of community control, and advised:

If Mr. Heath were to violate the requirements of his community control sentence, I could extend to a full five years the period of time when he would be on probation here with me in the case. I could add other conditions and consequences to the community control terms, that might be more jail days, house arrest, and other consequences too. I could of course, still impose prison terms on the case as well. If I imposed any prison terms because Mr. Heath violated the requirements of his community control sentence, prison terms in the case, between these two charges could last for as long as 20 years.

{¶ 27} Transcript of September 5, 2023 sentencing at 13.

{¶ 28} In its September 6, 2023 sentencing judgment entry, the trial court indicated: "It was further ORDERED that a violation of this Sentence could lead to a longer or more restrictive Sanction or Sanctions, and a prison term of up to 20 years."

{¶ 29} Per R.C. 2929.14(A)(2), prison terms for a felony of the second degree committed on or after March 22, 2019, "shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code. . . . " Heath's offenses were committed in 2023, thus his maximum possible sentence pursuant to R.C. 2929.144 was 12 years on each count.

{¶ 30} As in *Pruitt,* supra, the better practice would have been to advise Heath of the of the range of prison terms he would face in the event of a community control

violation, we nonetheless find the trial court's advisements complied with the requirements of R.C. 2929.19 (B)(4).

{¶ 31} The first assignment of error is overruled.

II

{¶ 32} In his second assignment of error, Heath argues the trial court erred in imposing consecutive sentences both internally in the 2023 case and consecutive to the sentence in the 2025 case. We agree in part, and disagree in part.

{¶ 33} The default rule in Ohio is that "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶ 34} In support of his argument, Heath cites *State v. Jones*, 2022-Ohio-4485. Jones was on community control in Harrison County when she committed new offenses in Jefferson County. The Harrison County Court had properly reserved a two-year sentence in the event of a community-control violation. In the Jefferson County case, Jones received a prison term of three years. Thereafter, upon finding Jones had violated her community control, the Harrison County court revoked her community control, imposed the reserved two-year sentence and ordered Jones to serve the sentence consecutively to the Jefferson County sentence.

{¶ 35} On appeal, Jones argued the Harrison County court could not order its sentence served consecutively to the Jefferson County case. The Seventh District Court of

Appeals found the trial court had the authority to impose a consecutive sentence for the community-control violation and was under no obligation at the time it imposed community control to notify Jones that sentencing upon revocation could include a consecutive sentence. *Id*. at ¶ 34. Jones appealed to the Supreme Court of Ohio. The Court reversed the Seventh District finding:

> [A] reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation. This is not to say that such notice must be given. Rather, the notice must be given if the trial court wants to later have the option to impose a consecutive sentence if, in its discretion, a consecutive sentence is necessary to fulfill the purposes and principles of felony sentencing. See R.C. 2929.11.1.

{¶ 36} *State v. Jones*, 2022-Ohio-4485, ¶ 15. The Court additionally found "when a reserved prison term or terms are imposed in the context of an existing prison term, a court may not require that they be served consecutively unless notice of a potential consecutive sentence was given at the time of sentencing to community control. Absent such prior notice, the reserved prison sentence must be imposed to run concurrently with the *existing* prison term. R.C. 2929.15(B)(3) and 2929.41(A). *Id*. at ¶ 17.

{¶ 37} Heath also cites *State v. Crose*, 2023-Ohio-880 (3d Dist.). Crose was on community control in Crawford County when she committed new offenses in Richland

County. Richland County imposed a prison sentence. Thereafter, the Crawford County court found Crouse had violated her community control, revoked her community control, and sentenced her to a prison term to be served consecutively to the sentence in the Richland County case. Because the Crawford County trial court had failed to advise Crose she could be subject to consecutive sentences in the event of a new conviction, the Third District Court of Appeals found her sentence was contrary to law. *Id.* ¶ 20.

{¶ 38} In this matter, Heath's signed plea agreement in the 2023 case reads in relevant part "I have been advised by the court and counsel and understand that prison terms for multiple charges, even if consecutive sentences are not mandatory, may be imposed consecutively by the court." Plea of No Contest, July 28, 2023, docket item 51. There is no transcript of the change of plea hearing, and we therefore presume the regularity of that hearing.

{¶ 39} During sentencing in his 2023 case, the trial court advised Heath that should he violate the terms of his community control it could impose prison terms, and those prison terms "between these two charges could last for as long as 20 years." T. 13. In its sentencing judgment entry, the trial court indicated "It was further ordered that a violation of this sentence could lead to a longer or more restrictive sanction or sanctions, and a prison term of up to 20 years." Judgment Entry on Sentence, September 6, 2023, docket item 57.

{¶ 40} We find this language adequately advised Heath he could be ordered to serve consecutive sentences for the 2023 convictions.

{¶ 41} While we agree that Heath was not advised that the reserved prison sentence could be imposed to run consecutively to an existing prison term, as noted by the State, there was no "existing" prison term when Heath was sentenced to prison in this

matter. We therefore find the consecutive sentences imposed in this matter are not contrary to law.

Conclusion

{¶ 42} Based on the foregoing, we find the State has satisfied the grounds for reconsideration under App.R. 26(A)(1). We therefore, grant appellant's application for reconsideration. Upon reconsideration and based on changes to R.C. 2929.14(B)(4), we find that the trial court adequately reserved prison terms and Heath was adequately advised of the potential for consecutive prison terms.

{¶ 43} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.

{¶ 44} Costs are waived.


By: King, P.J.

Hoffman, J. and

Montgomery, J. concur.